## LANIER ET AL. vs. HILL ET AL.

1. A bill for the rescission of a contract of sale alleged that the vendor sold and conveyed to two of the complainants, while the deed, which was made an exhibit to the bill, conveyed the lands to one of the complainants only : *Held* no material variance, as the defendant could not have been taken by surprise.

2. A court of equity will not rescind a contract for the sale of lands, on account of a defect in the title, when a conveyance has been executed and accepted, and there is no fraud or misrepresentation ; but where there is a misrepresentation of a material fact, which was believed and acted upon by the party seeking relief, it is immaterial, in the view of a court of equity, whether or not the party making the statement knew it to be false.

3. On a bill filed by a vendee for the rescission of a contract, alleging a fraudulent misrepresentation of a material fact by the vendor, if the evidence shows an honest mistake only, the intent being immaterial, the variance between the *allegata* and *probata* is not fatal, and relief will be granted on proof of the mistake.

4. When the vendee makes out a case which entitles him to a rescission of the contract, the collection of the purchase money will be enjoined, without regard to the solvency of the vendor ; and the same rule obtains against an assignee of the vendor, unless the notes were mercantile and passed in the course of trade to a *bona fide* holder.

5. If one of several joint makers of a note, given for the purchase money of land, promises a third person that he will pay it if the latter purchases it, and the latter takes the note on the faith of that promise, the promisor may, notwithstanding his promise, join with the other makers of the note in a bill for the rescission of the contract of sale ; but he will not be entitled to any relief against the holder who purchased on the faith of his promise.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THE original bill in this case was filed by Reuben Lanier, David C. Neal, and William D. Powell, against Green W. Hill and David Culberson, to obtain a rescission of a contract for the sale of certain lands, and an injunction against a judgment at law on the notes given for the purchase money. It alleges, that said Green W. Hill, as the administrator with the will annexed of John C. Webb, deceased, after having given notice by public advertisement, sold at public auction certain lands belonging to the estate of said Webb ; that he publicly declared, at the time of the sale, that he had full

authority under the will of said Webb to sell said lands; that complainants Lanier and Neal, believing and confiding in said declaration of Hill's, became the purchasers of said lands, and executed their notes for the purchase money, with their co-complainant Powell as surety; that Hill, as administrator of said Webb, afterwards made and executed to complainants a conveyance of the said lands, which is attached to the bill as an exhibit, and prayed to be taken as a part thereof; that said Hill had no authority whatever to sell said lands, having never given bond as administrator of said Webb, and not having obtained an order of sale; that complainants accepted said deed from Hill under the belief that it conveyed to them a fee-simple title to said lands; that said Hill well knew that it was of no validity, and concealed that fact from them; that he acted fraudulently throughout the whole transaction, and has fled beyond the limits of the State to escape the consequences of his fraud and illegal acts, leaving here no property of any kind whatever to respond in damages; "that said Hill handed over or transferred said note to defendant Culberson;" that suit was brought on it, in the name of Hill for the use of Culberson, and judgment obtained, notwithstanding complainants attempted to set up their defence at law; that complainants gave up the possession of said lands so soon as they discovered the want of authority on the part of said Hill to make said sale, and that George D. Hooper, who is now the administrator with the will annexed of said Webb, has obtained from the proper court an order to sell said lands, under which he has advertised them for sale.

A decree *pro confesso*, on publication, was taken against Hill. Culberson answered, averring that, before he purchased said note from Hill, he communicated with Lanier in regard to it; "and was informed by the latter that he had not then received Hill's deed for the land, but, when Hill executed a deed, defendant might consider it a good note, and if he traded for it he should be paid the amount of it at maturity, or words to that effect; that respondent thereupon, on the strength of this promise, and ascertaining from said Hill his readiness to make the deed, purchased said note."

The chancellor dismissed the bill, because as he held, there

Lanier et al. v. Hill et al.

was no allegation that complainants had obtained a conveyance, with covenants of warranty, from said Hill; and his decree is now assigned for error.

F. BUGBEE, for the appellants. (No brief on file.)

GEO. W. GUNN, with whom was J. T. LEFTWICH, contra :
1. The bill is fatally defective, for want of averments which are required of a vendee who seeks a rescission of his contract : there is no averment of Hill's insolvency, or inability to respond in damages, and the allegation that he has fled the country is not sufficient ; and there is no averment that complainants obtained a conveyance with covenants of warranty, and were ousted by superior title.—Cullum v. Branch Bank at Mobile, 4 Ala. ; Bliss v. Smith, 1 ib. 274 ; 7 Mass. 19 ; Freeman's (Mich.) R. 209.

2. Although the bill alleges fraud, the proof only shows an honest mistake, common to both parties, as to Hill's authority to sell. The sale was made at public auction, under such circumstances as were sufficient to put the purchaser on his guard, and therefore the maxim "caveat emptor" applies.— Cullum v. Branch Bank, supra.

3. Complainants do not show sufficient diligence on their part to entitle them to the relief asked. Six months after the sale elapsed before the conveyance was executed ; within that time they ought to have looked into the facts, and repudiated the contract, if necessary for their protection ; and failing to do this, the presumption is, that they elected to rely on the covenants of warranty.—1 Dana 327 ; 1 Johns. Ch. 213 ; 2 ib. 519 ; Steele v. Kinkle, 3 Ala. 352 ; 2 ib. 108 ; 8 ib. 373 ; 7 ib. 71.

4. Culberson having traded for the note, and paid a valuable consideration for it, on the faith of complainants' promise to pay it, he is a bona fide holder, and complainants are estopped from setting up any defence against its payment, either at law or in equity.—Clements v. Loggins, 2 Ala. R. 514 ; McCravey's Ex'r v. Remson, 19 ib. 430 ; Brewer v. Brewer & Logan, ib. 482 ; Steele v. Adams, 21 ib. 534 ; 8 ib. 373 ; Greggs v. Woodruff, 14 ib. 9 ; Story's Eq. § 203 ; 6 Vermont 529 ; 8 B. Monroe 559 ; 20 Conn. 563 ; 3 Barb. 222 ; 13 N. H. 475 ; 14 Miss. 550 ; 8 Geo. 258.

5. There are several fatal variances between the allegations and proof. The bill alleges that the lands were purchased by Lanier and Neal, and that the conveyance was made to "complainants," who are Lanier, Neal and Powell ; while the deed exhibited, and offered in evidence, was to Neal only.— This allegation goes to the substance of the contract, while the deed offered was the evidence of that contract ; the proof, then, does not support the averment, and it ought not to have been received for any purpose. Again ; the bill alleges fraud, while the evidence only shows an honest mistake. The case certainly demands the strict application of the rule, so often laid down by this court and others, requiring the proof to conform to the allegations.—Freeman v. Swann, 22 Ala. 106 ; Flake & Freeman v. Day & Co., *ib.* 132 ; Adams v. Garrett & Garrett, *ib.* 602 ; McKinley v. Irvine, 13 *ib.* 682 ; Owens v. Collins & Langworthy, 23 *ib.* 845 ; Gilchrist v. Gilmer, 9 *ib.* 985 ; Langdon v. Roane's Admr., 6 *ib.* 518 ; Clement v. Kellogg, 1 *ib.* 330 ; Maury v. Maury, 9 *ib.* 211 ; Moffat v. Clements, 1 Scam. 384 ; Gres. Eq. Ev., m. p. 243–4 ; 4 Por. 306 ; Gibson v. Carson, 3 Ala. 421 ; Graham v. Tankersley, 15 *ib.* 634 ; Julian v. Reynolds, 11 *ib.* 960 ; Ansley v. Robinson, 16 *ib.* 793.

GOLDTHWAITE, J.—One of the grounds on which the bill was dismissed by the chancellor was, that it contained no allegation that the complainants had obtained a conveyance, with covenants of warranty, from Hill ; but on looking into the bill, we find that it does contain such an allegation. The charge, however, is, that the deed was made to the complainants, and the exhibit and proof show that it was made to Neal alone ; but we do not regard this as a material variance: it is a mere clerical error in drawing the bill ; and as it is apparent that the deed set out as an exhibit is the conveyance referred to, the defendants could not have been taken by surprise, and were as fully enabled to prepare their defence as if it had been charged to have been made to Neal alone.— Story's Eq. Pl. § 257.

The bill is certainly very loosely drawn, and contains a great deal of impertinent matter, which might have been struck out on a reference. It charges, however, with suffi-

cient distinctness, that the complainants, Lanier and Neal, purchased a tract of land, at a sale made by Hill, as the administrator with the will annexed of one Webb; that they executed their notes, with the complainant Powell as their surety, and subsequently received a deed, with the usual covenants of warranty, from Hill; that Hill, in making the sale, did not act under any order of court, but represented that he had authority to sell under the will, when he had no such authority; that the purchasers believed such representation, and were influenced in making their purchase by it, and received the deed under the belief that it conveyed the title.— The prayer being for general relief, these allegations, if proved, give the party a right to any relief which the chancellor could properly grant, without reference to the superfluous and unnecessary matters with which the bill is incumbered. It is true, that where the sale has been executed by a conveyance, chancery will not rescind the contract, on account of a defect in the title, in a case free from fraud or misrepresentation, but will leave the party to his remedy at law (Woodruff v. Bunce, 9 Paige 443; Cullum v. The Bank, 4 Ala. 21); but where a material fact is misrepresented, and the other party believes and acts upon it, it is immaterial, in a court of equity, whether the party making the statement knew it to be false. Hardin v. Randall, 15 Maine 332; Champlin v. Layton, 6 Paige 189; Roosevelt v. Fulton, 2 Cowen 129; 1 Story's Eq. § 193, and cases there cited. We are not prepared to say, that, in an action at law for a deceit, something more than a mistake must not be proved, in order to entitle the plaintiff to recover; but in equity, mistake is as good ground of relief, as fraud; and certainly, if the misrepresentation is in relation to a material matter, and the party is misled by it, although it may be innocent, it operates as injuriously as if it had been by design; and upon the clearest principles of morality, a court of equity should not only refuse to enforce, but should rescind a contract made under such circumstances.

It is true, that in this bill the misrepresentation is charged to have been fraudulently made, and the evidence probably does not go further than to show that it was a mistake on the part of Hill as to his authority to sell; but we do not think that makes any difference. The misrepresentation is charged

Lanier et al. v. Hill et al.

with particularity, and it is as clearly proved ; and in this respect the *probata* and *allegata* correspond. The intent with which it was made is entirely immaterial, so that the allegation of fraud is superfluous. As the evidence as to the misrepresentation is full, and as it is equally clear the purchasers were deceived by it, and it went to the most material part of the contract, they have thus far made a case which would entitle them to a rescission of the contract ; and as the purchase money, had it been paid, would have to be refunded, if not paid the collection of it will be enjoined, without regard to the solvency of the vendor ; and the same rule obtains against the assignee of the vendor, unless the paper was mercantile, and passed in the course of trade to a *bona fide* holder.—Andrews v. McCoy, 8 Ala. 920 ; Greggs v. Woodruff, 14 Ala. 1.

In the present case, however, the complainant Lanier promised Culberson to pay the note sued on, if he traded for it, and he (Lanier) obtained Mrs. Webb's relinquishment of dower. The evidence shows that the relinquishment of dower was obtained ; and Culberson having bought the note on the strength of Lanier's promise, the latter has no ground of relief against him.—Clements v. Loggins, 2 Ala. R. 514. But this circumstance does not deprive him of the right, which he has in connection with his co-plaintiff Neal, to rescind the contract of sale, if he insists upon it, although, by force of the promise he has made, he would be liable to pay one of the notes given for the purchase : all the complainants would be entitled to a rescission, and Neal and Powell to an injunction against the defendant Culberson, restraining him from the collection of the note sued on, which last relief Lanier would not be entitled to, on grounds entirely personal and independent of the contract of sale.

Let the decree be reversed, and the cause remanded, that a decree may be rendered in conformity with this opinion, the appellees paying the costs of this court.

CHILTON, C. J., not sitting.