## MAGEE vs. McMILLAN.

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE—CROSS BILL SETTING UP
EQUITABLE SET-OFF.]

1. *When defect of title avails purchaser as equitable set-off.*—A purchaser of land, having been put in possession under his contract, and received a deed with covenants of warranty, cannot, in the absence of fraud in the sale, or the insolvency of his vendor, maintain a cross bill on account of a defect in the title, when the vendor files a bill to foreclose a mortgage given to secure the purchase-money.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WADE KEYES.

THE original bill in this case was filed by Thomas McMillan, to foreclose a mortgage on a tract of land, executed by Roger Stewart and wife, to secure the payment of the notes for the purchase-money; said land having been previously sold by McMillan to Mrs. Stewart, and a deed, with covenants of warranty, having been executed. Jacob Magee, to whom Stewart and wife sold and conveyed after the execution of the mortgage, was made a co-defendant with them, and filed an answer, which was prayed to be taken as a cross bill; alleging that, since he had entered into possession under his contract, one J. H. Adams, claiming under a title superior to that of McMillan, had instituted an action of ejectment against him for a portion of the land, of which suit he had notified McMillan; and praying that the foreclosure suit might be enjoined until McMillan settled or arranged this outstanding incumbrance, and that the amount which might be reasonable and necessary to buy in this claim might be deducted from the mortgage debt.

The chancellor dismissed the cross bill, for want of equity; and his decree on this point is now assigned as error.

P. HAMILTON, for appellant, cited the following cases: Gannard v. Eslava, 20 Ala. 733; Mobile Bank v. Hall,

6 Ala. 646; Cullum v. Branch Bank, 4 Ala. 21; Nelson & Hatch v. Dunn, 15 Ala. 513; Goodwin v. McGehee, 15 Ala. 248; 1 Dana, 589; 3 Dan. Ch. Pl. 1747; 6 Monroe, 119; 6 Johns. Ch. 546; 26 Wendell, 109; 5 Peters, 263; 7 Cranch, 69; 2 Nott & McCord, 186; 2 Johns. Ch. 546; 3 Paige, 117, 648.

ROBERT H. SMITH, *contra*, cited Cullum v. Branch Bank, 4 Ala. 21; Walton v. Bonham, 24 Ala. 513; Lanier v. Hill, 25 Ala. 558; Wray's Adm'rs v. Furniss, 27 Ala. 471.

STONE, J.—The strongest cases in our decisions, favoring the defense set up by the cross bill, are, Read v. Walker, 18 Ala. 323; Smith v. Robertson, 23 Ala. 312, and Lanier v. Hill, 25 Ala. 554.

In Read v. Walker, although it is not made an absolutely controlling point in the opinion, yet the bill charged, that if the land were lost, the other property of the vendor would not be sufficient to indemnify Walker, the purchaser, who in that case invoked the power of the chancellor for his indemnification. The bill was not answered by Read; and, under the statute, the averments of the bill were regarded as admitted by the defendant. Another fact, materially distinguishing that case from this, is, that there only a bond for title had been given; and the purchase-money having been paid, Walker had the clear right to demand a good title, and, failing to obtain it, to insist on a rescission of the contract, if he elected to do so.—Clemens v. Loggins, 1 Ala. 622; Parks v. Brooks, 16 Ala. 529; Cullum v. Branch Bank, 4 Ala. 21. The vendor's inability to make such title as Walker had, under the law, a right to demand, being one of the admitted facts, it was not a condition precedent to complainant's right to relief, that he should go through the useless ceremony of tendering a deed to be signed. Griggs v. Woodruff, 14 Ala. 9; Smith v. Robertson, 23 Ala. 312.

In the cases of Smith v. Robertson, and Lanier v. Hill, *supra*, the respective vendors had no interest whatever in the lands they sold, and had not even a shadow of au-

thority for making the sales. Those cases are utterly unlike the present.

We think the doctrine must be regarded as settled in this State, that where a sale of land is made by deed, with covenants of warranty, and the vendee has gone into possession under the contract, and he and those claiming under him have not been evicted,—no defense, either at law or in equity, which rests on a mere incumbrance upon the title, can be made, unless there was fraud in the sale, or the vendor is insolvent, or unable to make good the covenants in his deed.—Cullum v. Branch Bank, 4 Ala. 21; Parks v. Brooks, 16 Ala. 529; McLemore v. Mabson, 20 Ala. 137; Patton v. England, 15 Ala. 69.

The cross bill in this case charges no fraud, and there is no averment that McMillan is not able to respond in damages on his covenants of warranty.

In the case of McLemore v. Mabson, 20 Ala. 137, the same facts existed as are shown by this record, with the single exception, that there was in that case no cross bill. This court said, "so far as this record discloses, the complainants are fully able to respond at law for any injury the defendant may have sustained by the breach of the covenants of his deed, and he therefore lays no predicate for an equitable set-off, if one could be allowed without a cross bill." It is true this is mere *dictum.* We think, however, that it is sustained by the spirit of our entire current of decisions on questions of kindred character.— See Goodwin v. McGehee, 15 Ala. 233; Parks v. Brooks, 16 Ala. 529.

We are aware that Chancellor Kent granted an injunction in a case similar to this: Johnson v. Gore, 2 Johns. Ch. 546; and that Justice Bronson, in a *dictum,* assented to the doctrine.—See Edwards v. Bodine, 26 Wend. 109. We think, however, that the argument of the distinguished judge who delivered the opinion in Edwards v. Bodine, is against the principle he conceded, as above stated, and fully justifies the *dictum* of our own court in McLemore v. Mabson, *supra.*

Although the rule does not require that a cross bill shall rest on an independent equity, yet, to avail anything,

it must present a defense, either legal or equitable, to the claim asserted by the bill.—Nelson & Hatch v. Dunn, 15 Ala. 501; Goodwin v. McGehee, 15 Ala. 232, 240–1.

The *gravamen* of the cross bill is, that McMillan's vendors had no title, and that one Adams had commenced suit for the recovery of a valuable part of the premises purchased. We cannot learn from anything in this record that the ejectment suit will be successful; and there being no averment of McMillan's insolvency, the covenant of warranty contained in his deed to Mrs. Stewart affords ample protection to her, and to all others who by purchase have succeeded to her rights under the deed.

There is in this case no decree *in terms for money*, and we have no authority to adjudge the 10 per cent. damages. Code, §§ 3032–3.

The decree of the chancellor is affirmed.