# Blanks *v.* Walker.

*Bill in Equity to enjoin Suit at Law, &c.*

54  117
|100  671,
 54  117|
:135  464|
 54  117
|142  503

1. *Amendment of bill; what is allowance of.*—An order of the chancellor, in vacation, upon a petition that an amended answer attached be allowed, directing that the amendment be filed as of the date of the order, is tantamount to an allowance of the amendment, which after that becomes, for all practical purposes, a part of the case, and may be considered by the chancellor, on motion in vacation to dissolve the injunction, heard after the allowance, but before the actual filing of the amendment by the register.

2. *Note for purchase money of land; when want of title in vendor no ground for resisting recovery on.*—A vendee in possession of lands under an executory contract, with a solvent vendor, there being no fraud in the sale, can not go into equity to enjoin a recovery of the purchase money, merely because the vendor has no title, or a defective title.

APPEAL from Chancery Court of Marengo.
Heard before Hon. A. W. DILLARD.

The appellant, Blanks, in November, 1874, filed this bill against the appellee, Mims, to enjoin the latter from prosecuting an action at law against him upon a note given for the purchase money of lands, &c.

Blanks purchased certain lands of Mims, paying part in cash and giving his note for the remainder of the purchase money, and thereupon entered into possession and erected valuable improvements, receiving from Mims a bond for title, which bound him to execute a "conveyance in fee simple," upon full payment. The bill alleges that Mims has no title to the lands, the legal title to which is in one Gaines Whitfield, and that Mims owes the latter a large sum for them, greatly exceeding the deferred payment due by complainant to Mims; that Mims is wholly insolvent, and unable to obtain title to the lands, &c.; that notwithstanding this he has brought suit against complainant for the balance of the purchase money in the circuit court. The bill prays that respondent be enjoined from the further prosecution of the suit at law; that a reference be ordered to ascertain the amount due upon the purchase money to Walker, and in event said Walker is unable to make title to said lands, that the contract be rescinded and Walker be decreed to refund the amounts paid him, and account for the value of the improvements, &c.

An injunction issued on the *fiat* of a circuit judge, upon complainant's entering into bond as therein prescribed.

On the 22d of January, 1875, respondent filed an answer.

At the June term, 1875, he was allowed by the chancellor to amend his answer, so as to deny the allegation of insolvency in the bill.  Afterwards respondent petitioned the chancellor to be "allowed to amend his answer by striking out the answer heretofore filed, and substituting and filing as the answer of this defendant the paper which is hereto attached, and petitioner prays that his answer be allowed as a cross-bill," &c.  Due notice of this was given the complainant.  In the transcript of the record appears the answer and cross-bill, and immediately following it, is an order in vacation, dated September 14th, 1875, by the chancellor, that "the within amended bill and cross-bill be filed as of to-day, but that the original answer now on file be retained," &c.  The register endorsed on the bill, "Received in office, October 4th, 1875, and filed under the above order as of September 14th, 1875."

The amended answer (which was much fuller than the original answer) admitted the sale to complainant upon the terms stated, and the payment thereon as stated, but denies respondent's insolvency, and states that he is fully able to answer for any damages which might be recovered on his bond for title; asserts that respondent purchased the lands in question in a body with other land from Gaines Whitfield, who was seized in fee simple, and owed on the entire tract an amount not as great as complainant owed respondent; that since the filing of the bill Whitfield and wife, by deed, released, remised and quit claimed to respondent, (who before that time held his bond for title,) the lands in question, and expressly waived any lien or claim he might have thereto, and thereupon, but since the filing of the bill, respondent executed a fee simple conveyance of the lands, in which his wife duly joined, and tendered it to complainant upon his paying the balance due, which complainant declined, because he was unable to take up the amount due.  Respondent avers that he is willing and able and offers to convey a fee simple title whenever the purchase money is paid.  It is prayed that the answer be taken as a cross-bill, and that upon final hearing the lands be decreed to be sold for payment of the purchase money, &c.

On the 20th of September, 1875, respondent served notice upon complainant, that a motion would be made before the chancellor, on the 2d day of October, to dissolve the injunction "upon the denial of the equities of the bill."  The parties appeared at the time and place mentioned, and the chancellor, on October 2d, 1875, dissolved the injunction, "upon the denials in the answer," which is the sole error relied on here,

[Blanks v. Watson.]

WM. M. BROOKS, for appellant.—The record fails to show that the amended answer was on file when the cause was heard. It is filed on October 4th, 1875, as of September 14, 1875, under an order of the chancellor allowing it "*to be filed.*" There is nothing to show that he *allowed* it, or that it was considered by him on the hearing, which was had October 2d, two days before the filing.—2 Bland (Ch.) 616. The quit claim deed from Whitfield is not such a good title as complainant is entitled to. It would not protect Blanks as a *bona fide* purchaser.—44 Ala. 115; 21 Ala. 125; 5 Ala. 407. The answer is not as clear and distinct as it should be, where the facts charged rest on the knowledge of respondent.—9 Smedes & Marshall, 304; High on Injunctions, § 883. The answer in effect admits the case made by the original bill, and seeks to defeat it by matters occurring subsequently. This puts the burden on the respondent to clearly prove the facts relied on.—17 Ala. 667; 4 Ala. 160; 2 Stewart, 280. The bill contains equity, and the only answer which can be considered showed no cause for dissolving the injunction. Neither it nor the amended answer, stated *facts* which authorized the decree rendered, even if the allegation of insolvency be denied.—5 Leigh, 606; 10 Maryland, 412; 3 Grattan, 399; 2 Johns. Ch. 546.

PETTUS & DAWSON, *contra.*—The insolvency is denied flatly and squarely. A vendee of land who has taken possession where there is no fraud, can not resist the payment of the purchase money on the ground that his vendor has no title, unless the vendor is insolvent.—4 Ala. 622; 24 Ala. 513. The whole equity of the bill rested on the allegation that Walker was insolvent. That being denied, the injunction fell with the denial.—38 Ala. 51; 10 Ala. 596; 4 Ala. 622. The order allowing the filing of an amendment, which the chancellor was asked on petition to grant, was an allowance of the amendment.

STONE, J.—We can not agree with appellant that the record fails to show the amended answer was allowed by the chancellor. His order made in vacation, dated September 14th, 1875, considered in connection with the motion of defendent to be allowed to file an amended answer, amounts to an order by him allowing such answer to be filed. We think, also, that when he ordered the answer to be filed as of that date, it was permissible for him to consider its denials when the case came afterwards before him—October 2d—on motion to dissolve the injunction. The answer being allowed by the chancellor, and ordered to be filed, became from that

time, and for all practicable purposes, a part of the pleadings in the cause.

The bond for title, given by Walker to Blanks, bound the former to make to the latter a good and sufficient title to the lands therein described. Such title he, could not convey unless he was himself seized in fee. It was enough, however, under the facts disclosed in this record, for him to have such title, when Blanks, by payment or tender of the purchase money, placed himself in condition to demand title.—*Clemins v. Loggins*, 2 Ala. 514.

Other principles apply, however, where there is fraud in the sale.—See *Young v. Harris*, 2 Ala. 108; *Elliott v. Boaz*, 9 Ala. 772; *Bonham v. Walton*, 24 Ala. 514. Or, when the vendor is insolvent, has either no title or a defective title, and is seeking to force the collection of the purchase money, on an executory contract of sale.—See *Kelley v. Allen*, 34 Ala. 663, and authorities therein collected; *Magee v. McMillan*, 30 Ala. 420; *McLemore v. Mabson*, 20 Ala. 137.

The only available equity in the present bill, is Walker's alleged insolvency, and inability to respond in damages—his title being alleged to be imperfect. The averment of insolvency and inability to respond in damages, is denied with clearness and certainty, quite equal to the averments of the bill. We think the defendant brought himself strictly within the rule, and that the chancellor rightly dissolved the injunction.—1 Brick. Dig. 677, § 548.

Decree affirmed.