# Strong and Wife *v.* Waddell.

*Bill in Equity for Foreclosure of Mortgage for Purchase-Money.*

1. *Mortgage by husband and wife, for purchase-money of land.*—If a married woman purchases land, taking the title to herself, and executes, jointly with her husband, a promissory note for the purchase-money, and a mortgage on the land to secure its payment, she can not set up her coverture in bar of a foreclosure.

2. *Estoppel against mortgagor, or purchaser in possession, against setting up outstanding title.*—A mortgagor in possession cannot set up an outstanding title in a third person, in bar of a bill for a foreclosure of the mortgage; nor can a purchaser in possession set up such outstanding title, in bar of a bill to enforce the vendor's lien for the purchase-money: each is alike estopped from denying the title asserted against him.

3. *When purchaser in possession can not resist payment of purchase-money.*— A purchaser of land, who is in possession under a deed with covenants of warranty, or under a bond for title stipulating for the execution of such deed on the payment of the purchase-money, can not resist the payment of the purchase-money, either at law or in equity, unless there was fraud in the sale, or unless his vendor is insolvent.

4. *Same.*—If there was no fraud in the sale, and no warranty of title was taken by the purchaser, he can not resist the payment of the purchase-money, on account of defects in the title which were known to him.


APPEAL from the Chancery Court of Russell.

Heard before the Hon. B. B. McCraw.

The bill in this case was filed on the 2d March, 1874, by James F. Waddell, against Samuel D. Strong and Aletha F.

Strong, his wife ; and sought to foreclose a mortgage on a
certain tract of land, which the complainant had sold and
conveyed, on the date of the mortgage, to Mrs. Strong, taking
the note of herself and her husband for the purchase-money, ·
and a mortgage on the land to secure its payment. The
note was dated the 9th January, 1873, and was payable on
the 1st December, 1873, with interest from date ; and it re-
cited that its consideration was the purchase-money of the
land. The mortgage was of even date with the note, and
contained a power of sale on default in the payment of the
note. A joint answer to the bill was filed by the defendants,
admitting the purchase of the land, the execution of the note
and mortgage for the purchase-money, and their possession
of the land; but they alleged that the complainant represented
that he had a good title to the entire tract, whereas he had
no title to forty acres thereof, which belonged to Mrs. Mar-
garet R. Tarver, a daughter of the defendants, who claimed
under a deed from them executed prior to their purchase
from the complainant. They insisted, also, that Mrs. Strong,
being a married woman, could neither bind herself nor her
statutory separate estate by the execution of the note and
mortgage, and that they could not be enforced against her or
her estate ; and further, that the purchase was intended to
be made for the sole and separate use and benefit of Mrs.
Strong alone, and that her husband's name was joined be-
cause the complainant represented that it was necessary ·to
give validity to the transaction. The complainant took the
deposition of said Samuel D. Strong, who, in his answers to
cross interrogatories, stated the facts connected with the as-
serted title of Mrs. Tarver to a portion of the land. No
other testimony was taken. On final hearing, on pleadings and
proof, the chancellor rendered a decree for the complainant ;
and his decree is now assigned as error.

J. & J. M. FALKNER, for appellants.

GEO. W. HOOPER, *contra.*

BRICKELL, C. J.—The decree does not fix on the appel-
lant Aletha a personal liability, nor condemn her statutory
separate estate, if any she has, to the satisfaction of the mort-
gage debt. It simply orders a sale of the mortgaged prem-
ises for the payment of the purchase-money. A married wo-
man, doubtless, labors under a disability of contracting, so
as to bind herself personally ; nor can she charge her statu-
tory estate, except in the modes the statute prescribes. But,
if she purchases real estate, and executes, jointly with her

[Strong and Wife v. Waddell.]

husband, a promissory note for payment of the purchase-money, and a mortgage of the premises as a security for its payment, coverture cannot be interposed in bar of a foreclosure. Otherwise, the *disability* would operate as an *ability* to get and keep another's lands without paying the consideration.—*Reeves v. Pylant*, at the last term; *Cowles v. Marks*, 53 Ala. 499; *Chilton v. Braiden*, 2 Black, 458.

2. There is no principle, on which a mortgagor, or vendee in possession, can be allowed to set up an outstanding title in another, *in bar* of a bill for foreclosure, or of a bill to enforce the lien for the payment of the purchase-money. The mortgagor and the vendee alike stand to the mortgagee and the vendor in the relation of tenant, and are estopped from denying his title.—Bigelow on Estoppel, 382, 373.

3. The law ought to be regarded as finally and definitively settled in this State, after the numerous decisions declaring it, that a vendee who has gone into possession, under a deed with covenants of warranty, or a bond stipulating for the conveyance of title with covenants of warranty on the payment of the purchase-money, cannot, unless there was fraud in the sale to him, or the vendor is insolvent, and therefore without ability to respond to his covenants, so long as he remains in possession, either at law or in equity, defend against the payment of the purchase-money.—*Magee v. McMillan*, 30 Ala. 420.

4. If there be no fraud, and no covenant taken to secure the title, the purchaser is remediless. The maxim, *caveat emptor*, applies.—*Abbott v. Allen*, 2 Johns. Ch. 523; *Frost v. Raymond*, 2 Caines, 188; *Cullum v. Br. Bank of Mobile*, 4 Ala. 21. If the purchase is made without fraud or warranty, with full knowledge of the defects in the title, the purchaser can have no just ground of defense against the payment of the purchase-money.—*Greenleaf v. Cook*, 2 Wheaton, 16.

These principles are decisive of this case, covering it in all its aspects, if we inclined to the opinion that the allegations of the answer disclosed any real defect in the title. We are not inclined to that opinion, but waive a consideration of the question involved, until it is necessary to the decision of a cause.

The decree of the chancellor is affirmed.