# Jackson *v.* Elliott.

100  669
132  608

*Bill in Equity for an Injunction Against a Judgment at Law.*

1. *Injunction against judgment on notes for purchase-money of land.* Complainant, being in possession of land, bought from respondent, under a bond for title, and, having paid part of the price, discovered that defendant was only a cotenant with four others, and refused to pay the next deferred payment note that came due. Defendant recovered judgment against him, and complainant filed a bill to enjoin its collection, alleging the above facts, and that, if four-fifths of the title should be lost to him, defendant was financially unable to respond in damages. Defendant's ability to make title was still in question, his possession not having been necessarily adverse to his cotenants. He produced evidence of his title to two of the four-fifths, but asserted that the deeds to the other two had been lost. On these facts the bill made a case for equitable relief, and a decree dissolving the temporary injunction and requiring a refunding bond pursuant to Code § 3531, was proper.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by John S. Jackson, against Jefferson B. Elliott, and prayed to have the defendant enjoined from the collection of a judgment against the complainant. This appeal is taken by the complainant from the decree dissolving the temporary injunction.

[Jackson v. Elliott.]

In addition to the facts stated in the opinion, the bill avers that John J. Jackson, the complainant, purchased from Jefferson B. Elliott, the defendant, certain tracts of land, making a cash payment for the same, and giving his notes for the deferred payments; that this purchase was made upon the faith of the representations of Jefferson B. Elliott that he owned the lands purchased, and that the purchaser, the complainant in this case, would get a *bona fide* fee-simple title thereto; and that, upon the cash payment and the execution of the notes for the deferred payment, the said Jefferson B. Elliott gave the plaintiff his bond for title, in which he agreed, on payment of the purchase-money by the complainant, to convey to him by warranty deed a fee-simple title to the property so purchased. The bill then avers that at the time of making the sale the said Jefferson B. Elliott, was not the owner in fee-simple of the lands so purchased by the complainant, but, on the contrary, was only the cotenant of said lands, owning an undivided one-fifth interest therein; that, after he had paid some of the purchase-money notes at maturity, the complainant discovered the falsity of the representations of said Elliott, and, upon his being unable to comply with his contract, did not pay the next note as it fell due, whereupon the said Elliott brought an action at law on the complainant's promissory note; but, on the said Elliott's agreeing with the said complainant not to enforce the collection of the judgment recovered in said cause if he, the said John S. Jackson, would not interpose a defense thereto, at the same time promising the said Jackson that he would secure the fee-simple title to the property purchased for him, by conveyances from the other parties in interest, the said Jackson did not make any defense to said action, whereupon the said Elliott recovered judgment therein, and had an execution issued on said judgment, which was to be levied upon the personal property of the said Jackson; whereupon the complainant filed the present appeal to enjoin the levying of this execution, or the sale of the property thereunder, or the collection of any of the other notes as they fell due, and prayed that on the final hearing the chancellor would decree a rescission of said contract, and order such relief as, the premises considered, the complainant was entitled to. The defendant, in his answer, denied the material allegations of the bill, and moved the court to dissolve the injunction, on the ground that there was no equity in the bill, and on the denials of the answer. On the submission of the cause, the chancellor sustained their motion to dissolve the injunction, and decreed

"that, before defendant proceeds to further execute and enforce his said judgment, he must execute a refunding bond with good security, approved by the register, in double the amount of the sum enjoined, payable and conditioned as required by section 3531 of the Code of 1886." It is from this decree that the present appeal is prosecuted, and the same is assigned as error.

LONGSHORE & BEAVERS and PETERS, WILSON & LYMAN, for appellant.

W. B. BROWNE, for appellee.

STONE, C. J.—The bill in this case is drawn with more than average care, and sets forth that Elliott, the vendor, did not own the entire title to the lands he contracted to sell and convey to Jackson. According to the averments of the bill, he was only a tenant in common with four others, his brothers, under the will of their father. The bill further avers that Elliott owned but little property—very little, if any—in excess of his exemptions, and that if four-fifths of the title should be lost to Jackson by virtue of said ownership of the co-tenants, Elliott was financially unable to respond in damages. Jackson was in possession under his purchase, had been sued to judgment on his purchase-money note, and the present bill was filed to enjoin its collection, because of the alleged defect in Elliott's title. The bill makes a case for equitable relief. –Kelly v. Allen, 34 Ala. 663; Blanks v. Walker, 54 Ala. 117; Sivoly v. Scott, 56 Ala. 555; Lindsay v. Veasy, 62 Ala. 421; Wilkinson v. Searcy, 74 Ala. 243.

The answer, if true, shows that long before the sale to Jackson, Jefferson B. Elliott had become the owner of the entire title to the property he sold to him, Jackson. He, Elliott, furnishes the evidence of his ownership of two of the four-fifths, but as to the other two, he avers the conveyances have been lost. This will possibly cast on him the duty of making, or attempting to make other proof as to those other two-fifths, the result of which we can not with certainty anticipate. We hold that the chancellor rightly required of the defendant, Elliott, a refunding bond.

We make the foregoing ruling, because the possession of a tenant in common, without more, is not adverse to that of his co-tenants.—3 Brick. Dig. 16. We need not, and do not decide what would be the effect of twenty years continued individual possession of one tenant in common, against his co-tenants who have, for all that time, neither taken nor claimed possession. That question is not raised by this

record in such form that we feel it our duty to consider it. *McArthur v. Carrie,* 32 Ala. 75; *Marston v. Rowe,* 39 Ala. 722; *Worley v. High,* 40 Ala. 171; *White v. Hutchings, Ib.* 253; *McCartney v. Bone, Ib.* 533; *Harrison v. Heflin,* 54 Ala. 552; *Goodwyn v. Baldwin,* 59 Ala. 127; *Barksdale v. Garrett,* 64 Ala. 277; *Goodman v. Winter, Ib.* 410; *Baker v. Prewitt, Ib.* 551; *Nettles v. Nettles,* 67 Ala. 599; *Garrett v. Garrett,* 69 Ala. 429; *Matthews v. McDade,* 72 Ala. 377; *Kelly v. Hancock,* 75 Ala. 229; *Long v. Parmer,* 81 Ala. 384; *Solomon v. Solomon,* 81 Ala. 505; *Bozeman v. Bozeman,* 82 Ala. 389; *Davis v. M. & C. R. R. Co..* 87 Ala. 633; *Knabe v. Burden,* 88 Ala. 436; *Duncan v. Williams,* 89 Ala. 341; *Semple v. Glenn,* 91 Ala. 245.

The decretal order of the chancellor is affirmed. Let the costs of appeal be paid by the appellant.

Affirmed.