# Gillham *et al. v.* Walker *et al.*

## *Bill in Equity to enjoin Foreclosure of Mortgage and to set off Damages.*

1. *Vendor and purchaser; purchaser in possession can not maintain bill to enjoin payment of purchase money.*—A purchaser who has gone into possession of land under a deed with covenants of warranty can not, where there was no fraud or misrepresentation in the sale of the property and the vendor is not insolvent, maintain a bill in equity to enjoin the recovery of the purchase money and to set off damages result-

ing from the breach of the covenants of warranty. merely because the vendor has no title or has a defective title.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. WILLIAM H. SIMPSON.

The facts of the case are sufficiently stated in the opinion.

KIRK & RATHER, for appellant.—A mortgagee has the right to resort to a court of equity to have the payment of the mortgaged debt established and the mortgage cancelled.—*Kelly v. Martin,* 107 Ala. 479; *Rea v. Longstreet,* 54 Ala. 291; *Lehman v. Shook,* 69 Ala. 486; *Jones v. DeGraffenreid,* 60 Ala. 145. The debtor may direct the application of any general payment made by him. 15 Am. & Eng. Ency. Law, p. 876 and note.

The law of set off is the same in equity as at law, unless there are some peculiar circumstances. growing out of the mutual transaction or condition of the parties, which would require the interposition of a court of equity, and which a court of law could not regard.—*Cave v. Webb,* 22 Ala. 583; *Carroll v. Malone,* 28 Ala. 521.

THOS. R. ROULHAC, *contra.*—A vendee who has gone into possession under a deed with covenants of warranty. or a bond stipulating for the conveyance of title with covenants of waranty, on the payment of the purchase money, cannot, unless there was fraud in the sale to him, or the vendor is insolvent, and, therefore, without ability to respond to his covenants, so long as he remains in possession, either at law or in equity, defend against the payment of the purchase money.—*Magee v. McMillan,* 30 Ala. 420; *Thompson v. Sheppard,* 85 Ala. 618; *Kellar v. Bullington,* 101 Ala. 270; *Union Stave Co. v. Smith,* 116 Ala. 422; *Teague v. Wade,* 59 Ala. 369; *Blanks v. Walker,* 54 Ala. 17.

DOWDELL, J.—The appellees, who were tenants in common and owners of a three-fourths interest in certain real estate and a mining plant situated thereon,

sold and conveyed their said interest to appellants. The deed of conveyance contained covenants of warranty, excepting, however, from the covenants, certain specified claims or debts due and owing from appellees to their vendors on the property described, and which said indebtedness the appellants assumed and agreed to pay as a part of the consideration for the conveyance from appellees to appellants. The total amount of the consideration as express in the deed was $20,000, a part of which was paid in cash, and after deducting the amount of the assumed indebtedness, there remained a balance of $4,050, and for which the appellants executed their two notes in equal amounts payable at six and twelve months, and to secure the payment of said notes gave a mortgage upon the identical property purchased. The first of said notes was paid at maturity. The second of said notes, being the one maturing at twelve months, was by the other payees transferred to the payee, Robert H. Walker, one of the vendors of the property, before its maturity. The appellants refused to pay this note when the same matured, and the said Robert H. Walker, the owner and holder of it, was proceeding to enforce collection by a foreclosure of the mortgage given to secure payment of the same, under the powers contained in the mortgage, by advertisement and sale of the property, when the present bill was filed by appellants. It appears that John A. Walker, one of the respondents to the bill, negotiated with the appellants, complainants in the bill, for the sale of said property; that during the negotiations, the complainants visited the location and inspected the property, and after the terms of sale had been agreed on, the deed of conveyance, exhibit "A" to the bill, was executed, except as to its delivery, each of the grantors signing for himself, and which was by the said John A. Walker, taken to Memphis, Tennessee, the home of the complainants, where its delivery was made, and at which time the note and mortgage were executed by the appellants. It further appears that at the time of the execution of the note and mortgage and the delivery of said deed and contemporaneous therewith, the said John A. Walker executed to complainants the writ-

ten contract attached as exhibit "C" to the bill, stipulating, among other things, that certain articles should be supplied, and certain duties performed, by him and his associates in connection with the mining machinery on the land. The bill avers that said contract, exhibit "C," was made by said John A. Walker for himself, and as the agent of the other respondents to the bill. A breach of this contract is alleged, and it is further averred that by reason of the failure of the respondents to carry out its terms and stipulations, the complainants were compelled, at their own expense, to supply the articles and perform the duties otherwise required of the respondents by the contract. The bill also alleges a failure of title as to a portion of the land conveyed by the deed, and further avers the insolvency of the respondents. The purpose of the bill is to set-off the damages sustained by complainants resulting from the breach of the contract, exhibit "C," and from a breach of the covenants of warranty contained in the deed, against the note, and to that end to have the same delivered up and cancelled, and the foreclosure proceedings under the power in the mortgage perpetually enjoined. There is no charge of fraud or misrepresentation in the sale of the property. The answer denies the insolvency of the respondents, and also denies the material allegations of the bill as to the counter claims set up against the note in question. The answer further avers that the part of the land conveyed by the deed as to which a defect in title is claimed, was the portion purchased by respondents from one Peter Clay, who conveyed to them by deed with covenants of warranty, and on this land there was a balance of $4,000 due said Clay, the payment of which said amount was assumed by the complainants, and deducted from the consideration price of the property, as agreed on between the complainants and the respondents, and that said amount so assumed and retained was more than sufficient to meet any loss occasioned to the complainants by reason of any defect in titles to the land. It is also averred in the answer that the debt of $600, due to the Adams Machine Co.,

which was assumed by the complainants, was also de-ducted from the consideration price of the property conveyed, and, furthermore, that this debt was for min-ing machinery sold to respondents by the Adams Ma-chine Co. under a contract, by which they agreed to fur-nish a pump sufficient for the purposes for which it was intended in their mining operations, and that complain-ants were amply protected against any loss from a fail-ure of the Adams Machine Co. to supply the pump un-der their said contract, out of the said amount received from the consideration price, and representing the debt due the Adams Machine Co. the payment of which com-plainants assumed.

The cause was heard on the pleadings and proof on a submission for final decree, and a decree was rendered by the chancellor denying complainants relief and dis-missing their bill. From this decree the present appeal is prosecuted and the same is here assigned as error.

Before referring to the facts as we gather them from the evidence, or to the failure of proof as to certain alle-gations of the bill denied in the answer, we will state the law as heretofore laid down in former adjudications by this court, which we think applicable to the present case. In *Strong and Wife v. Waddell,* 56 Ala. 473, it was said: "The law ought to be regarded as finally and definitely settled in this State, after the numerous de-cisions declaring it, that a vendee who has gone into possession, under a deed with covenants of warranty, or a bond stipulating for the conveyance of title with cov-enants of warranty, on the payment of the purchase-money, cannot, unless there was fraud in the sale to him, or the vendor is insolvent, and, therefore, without ability to respond to his covenants, so long as he re-mains in possession, either in law or in equity, defend against the payment of the purchase-money.—*Magee v. McMillan,* 30 Ala. 420." Again it was said in *Thomp-son v. Sheppard,* 85 Ala. 618, a case similar in principle to the one at bar, "Independent of this, there is another rule of equity fatal to defendant's right to the relief he seeks by his cross-bill on account of a partial want of title. He has continued in the possession and enjoy-

ment of the land, with full knowledge of the defect in the title, from the time of his purchase, and has sold and conveyed a part of it. No fraud or misrepresentation is alleged or proved. In a case free from fraud, equity will not rescind the contract, on account of a want or defect of title, but will leave the party to his remedy at law, if the purchaser has not abandoned or restored possession, unless its rentention is necessary for his reimbursement or indemnity." In *Blanks v. Walker,* 54 Ala. 117, it was said: "A vendee in possession of lands under an executory contract with a solvent vendor, there being no fraud in the sale, cannot go into equity to enjoin a recovery of the purchase-money, merely because the vendor has no title or a defective title."

As stated before, there is no allegation or charge of fraud or misrepresentation by the respondents, and the undisputed fact is that the complainants went into possession under their purchase and have never abandoned it, or offered to restore, and still retain the same. There is an averment in the bill of the respondents' insolvency, but this is denied in the answer, and the evidence fails to support the averment. The deed under which the complainants went into possession contains covenants of warranty, except as to certain incumbrances therein specified. Furthermore, the evidence satisfactorily shows that the defects of title set up in the bill were known to the complainants at the time of the purchase.

As to the contract, exhibit "C" to the bill, which was executed by John A. Walker to the complainants at the time of the delivery of the deed in Memphis, Tennessee, upon the consummation of the *deal,* the evidence fails to show that he had any authority to bind the other respondents in the making of said contract. The deed was not executed by said Walker under any power of attorney, or otherwise by him as an agent, but on its face was shown to have been executed by each one of the respective vendors in his own proper person. The act of delivery carried with it no authority to John A. Walker to alter its terms, or to superadd

other conditions by his contract. The agency and authority of John A. Walker to bind the other respondents by this contract is denied in the answer, and the evidence sustains the denial. The proof shows that the respondent Robert H. Walker, who holds and owns the note in question, never heard or knew of said contract, exhibit "C," until after the maturity of the note, when the complainants refused to pay it. Moreover, the contract of John A. Walker imposed upon the complainants certain obligations, which the evidence shows they failed to observe and keep.

Applying the principles of law to the evidence in the case, our conclusion is that the complainants are not entitled to the relief sought, and the chancellor properly dismissed the bill; and the decree will be affirmed.