McLEMORE *vs.* MABSON, ET AL.

1. An outstanding title to dower is such an incumbrance on land as will authorize a purchaser, who has contracted for a good and lawful title, to refuse to perform an executory contract for its purchase.

2. If the vendee has received a deed, and its covenants are broken by the existence of an outstanding incumbrance, it is competent for a court of equity, when the vendor is insolvent, to restrain the collection of so much of the purchase money as will compensate for the injuries resulting from the breach, or to order it to be appropriated to the extinguishment of the incumbrance.

3. But when the vendee has received a deed with covenants, and has executed a mortgage on the land to secure the payment of the purchase money, he cannot resist a foreclosure of the mortgage in equity, by setting up in his answer that the vendor has broken the covenant in his deed, it not being shown that the vendor is unable to respond to the damages occasioned by the breach.

ERROR to the Chancery Court at Montgomery.

Tried before the Hon. J. W. Lesesne.

Bill by the defendants in error against McLemore, to foreclose a mortgage given by him on certain lands, which he had purchased of the complainants, and for which he had received their deed with covenants of warranty; the mortgage being a security for the purchase money. McLemore by his answer insists that the land is incumbered by the dower of the wife of the complainant's father, who was the former owner, and that previous to the sale to him, one of the complainants had witnessed a deed made by a subsequent husband of Mrs. Mabson, (the elder Mabson having died) by which such husband purported to convey to one Houghton the said dower interest. It does not appear that the dower had ever been assigned, or that any one had actual possession of the land. McLemore contended for an abatement of the purchase money, on account of this incumbrance; but the chancellor refused to go into the inquiry, and decreed a foreclosure, directing the mortgage debt to be ascertained, without regard to the alleged incumbrance.

J. & J. WILLIAMS, for the plaintiff in error.

1. Dower is such an incumbrance on land as will authorize a purchaser who has contracted for a good and lawful title, to

9

refuse to perform the contract. Parks v. Brooks, 16 Ala. Rep. 529, and the authorities there referred to.

2. The chancellor erred, in refusing to allow the defendant below to set off the value of the dower of Mrs. Pitts; inasmuch as upon a decree to account both parties are equally actors, 2 Story's Eq. Jur. § 1433, p. 815; and this especially, because in this case the deed of conveyance had already been executed, and a large portion of the purchase money paid before the defective title was discovered; and there being a connection between the demands of the parties, equity acts upon it, and allows a set off, 2 Story's Eq. Pl. § 1434, page 658; and to prevent multiplicity of suits; and vendee has the right to pay off and discharge incumbrances, and to set them off.

3. The value of the dower estate is a proper subject of set off in this case, *because of mutual credit* between these parties, and *vide* Beaseley v. Archy, 2 Schoal & Lefroy, 403, n.; 2 Story's Eq. Jur. from § 1434 to § 1436, inclusive, 3d ed.; and where the offset grows out of the same transaction, equity will give relief. See 4 J. J. Marshall, 190, Lewis v. Forbes; and 2 A. K. Marsh. 260, Step. v. Atkin; and it is not necessary to file cross bill; facts set forth in answer sufficient. Jennings v. Webster, 8 Paige, 503.

ELMORE & YANCEY, *contra.*

1. The complainants have a clear right to sell such interest as McLemore had in the lands derived from them, and they ask for no more.

2. The answer shows that the deed of complainants to McLemore for the lands had been executed and delivered, before the mortgage was male. The contract is, then, executed, and McLemore must look to the covenants in this deed for his protection. Cullum v. Branch Bank of Mobile, 4 Ala. Rep. 21.

3. If there be a defect of title, then McLemore cannot rescind on this ground, unless there be some supperadded equity, as the insolvency of complainants.

4. The answer says, complainants' deed contains covenants of title. There is no covenant against incumbrances, and the answer also shows that the defect of title alleged is the dower

of the widow of complainant's father, which is only an incumbrance, and not covered by their covenants in the deed.

5. And the equity of the defendant must arise from the breach of a covenant; and we insist, there must also be no remedy thereon, because of the insolvency of the grantors, or there is no equity of the defendant which he can assert in this suit.

CHILTON, J.—It is clear that dower is an incumbrance, such as will authorize a purchaser, who has contracted for a good and lawful title, to refuse to perform an executory contract for its purchase. Parks v. Brooks, 16 Ala. Rep. 529. But this principle does not aid the plaintiff in error. Here the contract has been consummated by the execution of a conveyance with covenants of warranty as to title, which conveyance has been accepted by him, and he has mortgaged the land to the complainants. It is true, if the covenants in his deed are broken by the outstanding incumbrance, he has a right either to sue at law upon his covenants, or to resort to a court of equity if the incumbrance was concealed from him, to have a prompt removal of it by the vendor, or, on default of such removal, he is entitled to a rescission of the contract. It is also settled, that notwithstanding the vendee has received a deed, if its covenants be broken by the existence of an outstanding incumbrance, and the vendor is insolvent, then it is competent for the court of equity to restrain the collection of so much of the purchase money, as will compensate for the injury resulting from the breach, or it may order it to be appropriated to the extinguishment of the incumbrance, so as to protect the grantee. Cullum v. The Br. Bank, 4 Ala. Rep. 21.

In this case we will not undertake to say what relief, if any, the plaintiff in error is entitled to on a proper application. We think it very clear, he cannot resist the foreclosure of the mortgage, upon the ground that the mortgagees have broken the covenants in their deed to him, and raise this question upon his answer. It has frequently been held by this court, that a defendant, by his answer, cannot pray any thing but to be dismissed the court, and if he has any relief to seek, or discovery to ask, he must do so by bill of his

own. Cullum v. Erwin, 4 Ala. Rep. 452; Harris v. Carter, 3 Stew. Rep. 233; Cummings v. Gill, 6 Ala. Rep. 562. We say nothing as to whether the defendant could file a cross bill; or whether, if the complainants below had been averred in the answer to be insolvent, and that the defendant had an equitable set off growing out of the transaction, by reason of the breach of the complainant's covenants against incumbrances, or for warranty of title, he might not be allowed to avail himself of such set off by his answer, as a defence *pro tanto* to the mortgage demand. The case calls for no opinion upon these points, as the facts averred in the answer do not bring the defendant within the influence of either of these supposed grounds for relief. So far as this record discloses, the complainants are fully able to respond at law for any injury the defendant may have sustained by the breach of the covenants of his deed, and he therefore lays no predicate for an equitable set off, if one could be allowed without a cross bill. See Goodwin v. McGehee, 15 Ala. Rep. 233.

We are of opinion, that the defence set up by the answer interposed no objection to the forclosure of the mortgage, in the form in which it was presented.

The decree is consequently affirmed.