# Lett *v.* Brown.

*Trover for Conversion of Oxen, Wagon, &c.*

1. *When purchaser can not resist payment of purchase-money, ·nor recover it back if paid.*—The law is settled in this State, that a purchaser of lands, while retaining possession under the contract, can neither resist an action at law for the purchase-money, nor recover it back if paid, on account of any fraud, or misrepresentations on the part of the vendor, for which he might, at his election, rescind and disaffirm the contract entirely.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. W. J. HARALSON.

This action was brought by Mrs. Charlotte Brown, against Matthew Lett, to recover damages for the conversion of the "following chattels, to-wit: one yoke of oxen, one bay filly about four years old, one dark colored cow and her yearling, one two-horse wagon, and fourteen bushels of corn," which were alleged to belong to the plaintiff's statutory separate estate, she being a married woman ; and was commenced on the 29th January, 1873. The defendant pleaded the "general issue, in short by consent, with leave to give any special matter in evidence ;" and issue was joined on this plea, On the trial, the following bill of exceptions was reserved by the defendant :

" The evidence tended to show that, in October, 1871, the plaintiff proposed to purchase from the defendant two parcels of land in Blount county, and to give him for said lands the property now sued for, and defendant agreed to make her a good title to the same ; that defendant told her, a short time afterwards, that he had entered the lands since the war, under the ' homestead laws ' of the United States, and could not make her a good title, but, if she would go with him to

[Lett v. Brown.]

the land-office at Huntsville, he could make her a good title; that they found out, after they got there, that defendant could not make her a good title, and it was then agreed that he should surrender his claim to the United States, and then let plaintiff re-enter the same; that plaintiff went to Huntsville, in company with defendant and one Daily, to arrange the title, and, while at the land-office there, they found that plaintiff could enter the land in section twenty-eight (28) agreeably to their understanding and contract, but the parcel in section twenty-seven (27), on which the 'Morgan field' was situated, was railroad land, and not subject to entry. Plaintiff then finally agreed, that if defendant would relinquish his claim and interest to the government, she would enter the parcel in section twenty-eight (28), and this was then done. It was further agreed, that defendant should relinquish his entire interest, and place plaintiff in possession of both parcels of land; and plaintiff was to give him said personal property for his said interest in said lands, and, if she should be be ousted by the railroad company in the enjoyment of the Morgan field, before she wore out the same, or before the rents and profits repaid her for the price paid for it, then defendant was to pay her, when so ousted, one-half of the value of the same. On her return home from Huntswille, in October, 1871, with full knowledge of these facts as to title, plaintiff immediately consummated said contract, by giving and delivering said property now sued for, as the agreed price for said lands; and defendant thereupon placed her in possession of all of said lands in sections twenty-seven and twenty-eight. The proof further tended to show, that there was about twenty acres of cleared land in the 'Morgan field' in section twenty-seven, and some four or five acres cleared at the 'home place' in section twenty-eight, where the houses were situated; that plaintiff cultivated the whole of said lands in 1872, she being then an unmarried woman; that one Ransom Doyle came to her in the fall of 1872, and demanded rent for some ten acres of the 'Morgan field;' that she declined to pay him rent, on the ground that she had purchased the defendant's interest in said field, and had a right to the possession of the same; and nothing more was done or said about the payment of said rents. The proof tended to show, also, that the plaintiff was in the quiet and peaceable possession of said lands at the time this suit was brought, and at the time of the trial, and has never been in any way disturbed in the peaceable possession thereof, or any part thereof, except the claim of said Doyle for rents, with the assurance on his part that, if they were not paid, he would sue

for them.   The proof failed to show that plaintiff ever offered to rescind the trade, or tender the possession of the lands, or any part of them, back to the defendant, either before or since the commencement of this suit.   The improvements on the land were worth from $125 to $160, and the cash value of the property sued for was $175."

The court charged the jury, among other things : "That the plaintiff, in order to maintain this action, was not bound to surrender the possession of the lands, or any part thereof, to the defendant, nor offer to do so : that if deception was practiced on her by the defendant, at and before the trade was made, and, in consequence of such deception, she was injured or defrauded, then she could recover in this suit to the extent of such injury."   The defendant excepted to this charge, and requested the court to instruct the jury, " that unless the plaintiff tendered, or proposed to tender, the possession of said lands back to the defendant, before the commencement of this suit, the plaintiff is not entitled to recover in this action."   This charge the court refused to give, and the defendant excepted to its refusal.   The several charges given by the court, and the refusal of the several charges asked by the defendant, are now assigned as error.

J. W. Inzer, for appellant, cited *Christian v. Scott*, 1 Stewart, 490 ; *Stone v. Gover*, 1 Ala. 287 ; *Gillespie v. Battle*, 15 Ala. 276 ; *Helvenstein v. Higgason*, 35 Ala. 259.

BRICKELL, C. J.—It is the settled law of this State, that a purchaser of lands, retaining possession under the contract of purchase, cannot resist a recovery of the purchase-money at law, whether the contract is in writing, or by parol.—*Christian v. Scott*, 1 Stew. 490; *Stone v. Gover*, 1 Ala. 287 ; *Helvenstein v. Higgason*, 35 Ala. 259.   Nor, retaining possession, can he recover the purchase-money which he may have paid.— *Cope v. Williams*, 4 Ala. 362 ; *Donaldson v. Waters*, 30 Ala. 175.   An action for the recovery of the purchase-money could be maintained, only on the hypothesis that the agreement of purchase was void, or because the vendee obtained no benefit under it.   If it is vitiated by the fraud of the vendor, the vendee may elect to disaffirm it, and recover the purchase-money.   The disaffirmance must be of the entire contract.   It must be treated as a nullity, and the vendee must surrender, or offer to surrender, whatever of benefit he may have obtained.—*Hunt v. Means*, 2 Swan. 594.   He can not retain possession, derived under the contract, and treat the contract as void.   It would be manifest injustice, to suf-

[Tapp v. Cox.]

fer him to retain the possession of the land, and yet to recover that which he paid for the possession—to claim the benefits of the contract, and escape its obligations.

An undisputed fact on the trial was, that when the suit was commenced, the appellee was in possession of the lands, under the contract of purchase made with the appellant, by which she parted with the chattels for the conversion of which she sued. This being true, there was no aspect of the case in which she was entitled to recover. It is not necessary to consider separately the charges given, and the refusals to charge. The error of the court is apparent from what we have said. The judgment must be reversed, and the cause remanded.