[Parker v. Parker.]

# Parker *v.* Parker.

*Bill in Equity for Rescission of Contract.*

1. *Rescission of contract in equity.*—When land is sold and conveyed with express covenants of warranty as to title, a court of equity will not rescind the contract on account of a defect of title, unless the vendor is insolvent; but, if the vendor is insolvent, and fraud or a failure of title is shown, equity will interfere, and grant what relief it can to the purchaser, whether he has received a deed or not, and whether he is in possession or not.

2. *Statutory covenants of warranty in deed.*—The use of the words *grant, bargain, sell* and *convey*, in a conveyance of land, operate as an express covenant that the grantor is seized of an indefeasible estate in fee simple, free from incumbrances done or suffered by him, and also for quiet enjoyment against him, his heirs and assigns (Code, § 1839); but does not extend to an incumbrance created by a former owner of the land, such as a grant or sale of mineral rights, or a right of way.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 13th January, 1890, by Martin Parker and his wife, against James E. Parker and his wife and George Turner and his wife; and sought the rescission of a contract for the exchange of two tracts of land between said Martin and James Parker, and the cancellation of the conveyances which they had executed to each other. On final hearing on pleadings and proof, the chancellor dismissed the bill, and his decree is here assigned as error.

DEAN & MONTGOMERY, JNO. M. MARTIN, and WM. VAUGHAN, for appellant.

LEA & BELL, and S. L. WEAVER, *contra*.

STONE, C. J.—The parties to this suit are all illiterate, none of them being able to write their names. The litigants are brothers. Martin Parker owned a small tract of land in Jefferson county, and James E. Parker a tract of about the same size in Shelby county. The mineral rights of each tract had been sold by former owners, before either of them acquired their several ownerships; so that neither of them ever owned the mineral rights in their respective holdings. In October, 1886, the brothers agreed on an exchange of lands, the

[Parker v. Parker.]

one for the tract of the other, and each executed a deed to the other, on a recited consideration of five hundred dollars. The deeds were very unskillfully drawn, and each conveys lands without any reservation or exception of mineral, or any other rights. The deed from James E. Parker to Martin Parker contains no express covenants of warranty, but employs the words grant, bargain, sell and convey. These, under our statute—Code of 1886, § 1839—are construed as "an express covenant to the grantee, his heirs and assigns, that the grantor was seized of an indefeasible estate in fee simple, free from incumbrances done or suffered by the grantor, . . . and also for quiet enjoyment against the grantor, his heirs and assigns."

In January, 1890, Martin Parker filed his bill in this case against James E. Parker, and prayed a rescission of the said contract of exchange of the two parcels of land. The grounds on which he claims this rescission are, that in making the trade James E. represented that he had a perfect, unincumbered title in fee to the land he was trading to him, Martin; that he did not own the minerals in said land; that James E. was insolvent, and was not able to respond in damages, should he sue him at law; and that he, Martin, did not discover that the minerals in the land belonged to another, until shortly before the present bill was filed. The answer denies the misrepresentation as to *quantum* of title charged, avers that Martin had full knowledge at and before the trade that James E. did not own the minerals, but that they belonged to another, and denies that James E. was or is insolvent. Much testimony was taken on both sides, and there is much conflict in it, as to whether Martin knew when he made the trade that he was not getting the minerals in the land which fell to him. There was a failure to prove that James E. was insolvent. The chancellor dismissed the bill.

Several questions of law, which may be supposed to have some bearing on this case, have been so often decided, that it is only necessary to state the principles, and cite the authorities. When land is sold and conveyed with express covenants of warranty as to title, equity is without power to grant relief on account of a defect in title, unless the vendor is insolvent.— *Cullum v. Branch Bank*, 4 Ala. 21 ; 2 Brick. Dig. 513, § 102; *Lett v. Brown*, 56 Ala. 550; *Strong v. Waddell*, 56 Ala. 471 ; *Hughes v. Hatchett*, 55 Ala. 539. If there be fraud, or failure of title, and the vendor is insolvent, equity will interpose, and grant what relief it can, whether the purchaser has a deed and is in possession, or not.— *Young v. Harris*, 2 Ala. 108; *McLemore v. Mabson*, 20 Ala. 137 ; *Walton v. Bonham*, 24 Ala. 513; *Kelly v. Allen*, 34 Ala. 663.

[Scales & Co. v. Mount & Co.]

It is contended for appellant, that whether he has proven the misrepresentations of James E. Parker as to the title to the land or not, he holds the latter's deed for the land, without reservation or exception of the mineral interests vested in another; that this imperfection in the right and title he obtained is fully proved and not denied, and that these facts, without more, entitle him to the relief he claims. There are two answers to this contention. *First :* If the deed imposes on James E. the obligation to defend the title, and maintain an unincumbered fee in Martin, his vendee, then the remedy at law is complete and exclusive, in the absence of satisfactory proof of James E. Parker's insolvency. We have shown above that that averment is not satisfactorily proved. *Second :* The deed to Martin, as we have shown, contains no express covenants of warranty. It has only the implication arising from the words "grant, bargain, sell, convey." From these the law implies a warranty only against incumbrances done or suffered by the grantor, James E. Parker.—*Roebuck v. Dupuy*, 2 Ala. 535; *Andrews v. McCoy*, 8 Ala. 920; *Stewart v. Anderson*, 10 Ala. 504; *Griffin v. Reynolds*, 17 Ala. 198; *Wilkinson v. Searcy*, 74 Ala. 243. The imperfection in, or incumbrance upon the title to the land conveyed to Martin, was not done or suffered by James E., his grantor. It was done by Hamaker, the former owner. The deed imposed no obligation on James E. to defend against that incumbrance.

In the most favorable view that can be taken for the appellant, the question resolves itself into a single inquiry of fact : Did James E. Parker, in negotiating the trade with Martin, represent that he had an unincumbered title in fee to the land he was selling or exchanging, and did Martin close the trade in ignorance that the right to the minerals was in another? We have weighed the conflicting testimony with the best care we could give it, and we are not satisfied this averment of the bill is proved.

Affirmed.