# Yarbrough, *et al. v.* Thornton.

*Bill to Restrain Sale of Land Under Mortgage.*

(Decided July 6th, 1906.   42 So. Rep. 402.)

1. *Equity; Vendor and Purchaser; Failure of Title; Equitable Relief.*—Equity is without power to grant relief on account of a defect in the title, where the land is sold and conveyed with express covenants of warranty, unless the vendor is insolvent; but if there is a fraud or failure of title and the vendor is insolvent, equity will grant relief whether the purchaser is in possession or not.

2. *Mortgages; Foreclosure; Sale; Vacation.*—At the time of the sale of a large tract of land, it was agreed in writing if the vendor had no sufficient title to a part of the land, the price should be abated as to this land, which should be credited on the mort-

gage given to secure the purchase price. The defendant, to whom the mortgage was assigned, had full knowledge of such agreement before the assignment of the mortgage to him. There was a failure of title as to 102 acres of the land. Held, complainant was entitled to vacate a sale of the land under the mortgage, when the sale was made at the time when there was nothing due on the mortgage, if the complainant had been credited with the value of the land to which the title had failed.

APPEAL from Elmore Chancery Court.

Heard before HON. W. W. WHITESIDE.

This was a bill filed by appellee against appellant· Yarbrough and others, seeking an accounting, and to recoup value of a certain amount of land for which there was a failure of title, and for an injunction to restrain a sale under mortgage of certain other land, and to prevent interference by the mortgagee with the laborers and tenants of the mortgagor. The case made by the bill is that Mrs. Thornton purchased of one Bingham a certain tract of land situated in Elmore county, and particularly described in the conveyance which is attached to the original bill and made a part thereof, for the sum of $19,000, part of which, to-wit, $8,000, was paid by conveying to them certain property in the city of Montgomery, and the balance, to-wit, $11,000, was the consideration for a mortgage executed by Mrs. Thornton to Bingham on the land purchased of him, which mortgage was also made an exhibit to the bill. It is·further shown that about the time of said purchase, and as a part of the same transaction, said mortgage was transferred and assigned to Yarbrough, who has been since and is now the owner of the same; that at the time of said purchase it was known, understood, and agreed that said Bingham was not in possession of a certain part of said land which is particularly described in the bill, but that the same was in possession of certain divers named parties, who are in the adverse possession thereof, and that, in order to protect orator against any loss or damage she might sustain by any failure in the title or possession of said strip of land, Bingham executed to her a paper

[Yarbrough, *et al.* v. Thornton.]

with another surety holding her harmless against any loss on account of said strip. It is averred that, when said mortgage was transferred and assigned to said Yarbrough, it was then and there understood and agreed that, if there should be any failure as to the title or possession of said 102 acres of land, the value thereof should be deducted from the debt secured by said mortgage, and that said Yarbrough at and before the assignment of said mortgage to him, has full knowledge of all the facts concerning said strip of land, and the agreement in reference to the deduction to be made therefrom. It is further averred that, although said strip of 102 acres of land is included in the deed made to her by said Bingham she has never been able to obtain possession of the same, and she has been deprived of the use and occupation, rents incomes, and profits therefrom, and that there has been an entire failure to procure her the title and possession of said 102 acres; that she has often demanded of said Bingham and Yarbrough that the title to the same be fixed, and that she be placed in possession of the said strip of land, but they have failed or refused to do so; that the value of said land, together with the use and occupation thereof in rents and profits, amount to a large sum, to wit, 2,000 or more, and this amount should be deducted from the said mortgage. It is further averred that according to the terms of said mortgage there were given by her 10 interest notes, each for the sum of $330, payable on the 1st day of February and the 1st day of August of each year, and she was to pay the taxes, etc., on said property, and in the event she failed to pay the taxes the mortgagee could pay the same and they would become a part and parcel of the mortgage indebtedness. It is alleged that the interest notes have all been paid, except the one which was due August 1, 1904; that the taxes have all been paid by her, but that Yarbrough claims to have paid $100 taxes for the year 1903, but that. if he did so, it was under an arrangement made by her husband and Yarbrough, outside of and independent of the terms of said mortgage, and without her knowledge. It is further alleged that Yarbrough has declared the in-

terest due August 1, 1904, to be forfeited, and the taxes on the place not paid, and has advertised all the lands to be sold under the terms of said mortgage for said inest, taxes, mortgage debt, and expenses. It is also alleged that there is a large amount of growing crops on said land, some of which are matured and need gathering, and that there are tenants on the place to gather the same, but that Yarbrough is interfering with them by sending his agents on the premises and giving notice to said laborers and tenants not to gather said crop and turn it over to her, and has greatly disorganized said labor and retarded the gathering of said crops, which are alleged to be worth $10,000, to the great damage of orator in the sum of $5,000. It is alleged that the property conveyed by the mortgage is easily worth $20,000, and amply sufficient to pay all of the debt due Yarbrough, and that he is in no danger of loss on account of deterioration. Orator also offers to submit herself to the orders and decrees of the court, and to do and perform whatever may be required of her. The bill was afterwards amended by striking out certain parties defendant, and by adding that, at the time of the conveyance by Bingham to orator, Bingham had no title or right whatever to the 102 acres in the strip of land above described, and had no title whatever to another 50 acres of land which he attempted to convey to orator by his said deed, and which piece of land is particularly described in the bill; that he had no right to sell and convey the same to oratrix, and oratrix has never had possession of said two pieces of land, and that the value of the said two pieces of land was, relatively to the whole tract $2,000, and the amount of purchase money paid and agreed to be paid therefor was $2,000; that the said two pieces of land, at the date of said conveyance to oratrix, belonged to third persons; that the covenants of seisin, warranty, and of the right to sell and convey said two pieces of land to oratrix were broken at and before the defendant Yarbrough acquired said mortgage and mortgage debt from Bingham, and said Yarbrough took said assignment with actual or constructitve notice of oratrix's right to have her damages

[Yarbrough, *et al.* v. Thornton.]

arising from the said broken covenants on the part of said Bingham credited upon her mortgage debt, and she avers that her said damages exceed the sum of $2,000, and that, giving her credit therefor, then there was nothing due on her said mortgage debt to said Yarbrough from the date of his purchase of the same to this time, and that, notwithstanding this, said Yarbrough proceeded to sell out oratrix's property under said mortgage and bid in the same, or had it done, and demanded possession of the premises, and that oratrix delivered the possession; and since the said pretended sale he has been in possession in fact as the mortgagee, accountable for rents and receiving the rents and profits of said premises, which oratrix avers have been worth the sum of $2,000, for all of which said Yarbrough is accountable to oratrix as a credit upon her said mortgage debt.

After answering the original bill in detail, the defendant interposed certain grounds of demurrer thereto: "(1) Because there is no allegatiton in any paragraph of said bill showing that Bingham did not have a good title to the 102 acres of land alleged to have been in the possession of other persons. (2) Said bill shows on its face that complainant was aware, at the time she purchased said lands from Bingham, that said Bingham was not in possession of the 102 acres described in the third paragraph of said bill, and took the necessary steps to protect herself, requiring from the said Bingham a bond, with surety, against all loss or damage to her. (3) By accepting a bond of surety complainant waived any right she might have had against Bingham for an abatement of the purchase price by accepting said bond. (4) It appeared that none of the facts in reference to the adverse possession of the 102 acres of land mentioned in the third paragraph of said bill was concealed or kept secret from said complainant. (5) Complainant has a complete and adequate remedy at law." The defendant assigns the same grounds of demurrer, above assigned to the whole bill, separately and severally to the third and fourth paragraphs thereof; and defendant demurs to the sixth paragraph of said bill as follows: "It plainly appears that

Yarbrough had a legal right, if he saw fit, to take possession of the lands conveyed by the mortgage together with any crops thereon. (2) The sixth and seventh paragraphs fail to show that the facts alleged in any way contributed to complainant's default in the payment of said mortgage or furnished any excuse therefor." To the eighth paragraph the defendant demurs on the following grounds: "(1) Because it is not sufficient as an offer to do equity. (2) Said paragraph fails to offer to pay the amount due on said mortgage, and fails to allege any inclination or ability to pay the same." To the ninth paragraph on the following grounds: "No facts are therein alleged. The same is a mere conclusion of the pleader." There was also motion to dismiss for want of equity, and motion to dissolve the injunction. The chancellor overruled the motion to dismiss; also overruled the demurrers. From this ruling this appeal is taken.

RUSHTON & COLEMAN, for appellant. Admitting that Yarbrough stepped into Bingham's shoes and is in the same position that Bingham would have been, there is still no equity in the bill in the absence of an averment of some special ground for equitable interposition, such as that the mortgagee was insolvent or a non-resident.— *Gafford v. Proskauer,* 59 Ala. 266. If it becomes necessary for the mortgagor to resort to equity on the grounds that he has a proper set off against the mortgagee or against the mortgage debt, he must show some other fact than the mere existence of such a demand.—*T. C. & D. R. R. Co. v. Rhodes,* 8 Ala. 206; *Cave v. Webb,* 22 Ala. 583; *Knight v. Drain,* 77 Ala. 373.

GUNTER & GUNTER, and J. A. HOLMES, for appellee. It is a plain principle that the mortgagor would have no right at common law to insist that his claim against the mortgagee should be credited on the mortgagee's claim against him, unless he could show that the mortgagee was insolvent and that a proceeding against him at law would be unavailing to secure the payment of his debt, in which case, his right could be made available in a court of equi-

ty.—*Tate v. Evans,* 54 Ala. 16; *Dade v. Irwin,* 2nd How.
383; *Elliott v. Sibley,* 101 Ala. 344; *Gafford v. Pros-
kauer,* 59 Ala. 264; *Knight v. Drain,* 77 Ala. 373. In this
case the complainant does not set up a counter claim or
set off but his allegations are that he does not owe the
respondent as much as is claimed by reason of a total
or partial failure of the consideration of the contract
which the respondent is seeking to enforce in another fo-
rum, and that failing in whole or in part, complainant's
obligation to respondent is lessened to the same extent.—
*Grisham v. Bodman,* 111 Ala. 194; *Pitts v. Powledge,* 56
Ala. 147. And this right is derived from the common
law without regard to any statute. In this case as to the
particular land for the value of which credit is sought,
complainant's make a case of eviction, and hence, are not
within the rule of the party in possession under a deed
with covenants of warranty. The fact that the mortga-
gor had the right not to have the debt matured and his
estate sold on account of the default not in fact existing
is a substantial and plain equitable right.—Sec. 638, 1,
Code 1896; *Watson v. Sutherland,* 5 Wall. 79; *Janney v.
Buell,* 55 Ala. 409; 1 *Pomeroy,* Eq. Sec. 131, 132 and 297.
There cannot be said to be any waiver of this natural
equity to an abatement of the claim against the pur-
chaser for default on the part of the vendor when part of
the property has not been delivered and cannot be de-
livered, because of the making of the deed with full war-
ranties and the giving of the notes and mortgages to se-
cure the same.—*Hardigree v. Mitchum,* 51 Ala. 151;
*Pitts v. Powledge, supra; Smith v. Pettus,* 1 S. & P. 107;
*Allen v. Booker,* 2 Stew. 21; *Chicago et als. v. Fosdick,*
106 U. S. 47; *Doyle v. Hord,* 4 S. W. 241. The proposi-
tions of law relied upon are clearly stated in the author-
ities last above cited, and in the following cases:—*Sid-
ney L. & C. Co. v. M. C. & F. L. Co.* 138 Ala. 185; *James
v. R. R. Co.,* 6 Wall. 755. It is a gross fraud to sell under
the power when nothing is due.

ANDERSON, J.—"When land is sold and conveyed
with express covenants of warranty as to title, equity is

without power to grant relief on account of a defect in title, unless the vendor is insolvent.—*Cullum v. Branch Bank,* 4 Ala. 21, 37 Am. Dec. 725; 2 Brick. Dig. 513, § 102; *Lett v. Brown,* 56 Ala. 550; *Strong v. Waddell,* 56 Ala. 471; *Hughes v. Hatchett,* 55 Ala. 539. If there be fraud or failure of title, and the vendor is insolvent, equity will interpose and grant what relief it can, whether the purchasaer has a deed and is in possession or not.— *Younge v. Mabson,* 20 Ala. 137; *Walton v. Bonham,* 24 Ala. 513; *Keely v. Allen,* 34 Ala. 663." *Parker v. Parker,* 93 Ala. 80, 9 South. 426. In the case of *McLemore v. Mabson, supra,* the court held that the respondent's claim was not available without an averment and proof of the insolvency of the vendor. The statement of facts does not negative the possession of the defendant; but in the case of *Magee v. McMillan,* 30 Ala. 420, wherein the *McLemore Case, supra,* is discussed, it appears that insolvency of the vendor is essential to the vendee's relief when there has been no eviction, but is not a fact necessary to be averred when the vendee never went into the possession of the land or had been evicted before asking the relief, in case he had been let into possession. In the case of *Dykes v. Bottoms,* 101 Ala. 390, 13 South. 582, the complainant filed a bill to enforce a vendor's lien, and the respondent was permitted to abate the purchase money to the extent of the value of five acres of land conveyed to him, but which the vendor never owned and the possession of which was never acquired by the vendee, notwithstanding there was no averment or proof of the insolvency of the vendor. The case of *Gafford v. Pros kauer,* 59 Ala. 264, holds that a mortgagor cannot be permitted to resort to a court of equity upon the sole ground that he has a proper set-off against the mortgage, but he must show some other fact that would entitle him to equitable relief.

The bill in the case at bar, as amended, seeks to vacate or cancel a sale made under the mortgage, upon the theory that it was fraudulently made, as the debt was not due, because there was no default as to the installment in that the value of the 102 acres should be applied in ex-

tinguishment of said sum, and that it was agreed and understood between them that the value of the 102 acres should be applied as a credit on the mortgage debt. The chancellor did not err in overruling the motion to dismiss the bill for want of equity. The bill avers that, when the mortgage was transferred to Yarbrough, it was then and there understood and agreed, etc., and that the said Yarbrough, at and before the assignment of said mortgage, had full knowledge of the facts. The bill sufficiently avers an agreement between complainant and Bingham with the full knowledge of the assignee, Yarbrough. Nor does the bill show that this agreement, if made, was merged into the bond.

The decree of the chancellor is affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.