(89 South. 466)

**HOOK v. FIRST NAT. BANK OF REFORM et al. (2 Div. 765, 765A.)**

(Supreme Court of Alabama. June 30, 1921.)

**1. Logs and logging ⊚⟞3(12)—Filing of mortgage notice to purchaser.**

One purchasing standing timber five days after a mortgage thereon was filed and recorded could not claim to be a bona fide purchaser as against such mortgage, under Code 1907, § 3373.

**2. Equity ⬥415—Allegation and proof necessary for relief.**

There must be allegation and proof to get relief, and they must correspond, and both must be sufficient.

**3. Logs and logging ⬥3(8)—Mortgage must secure valid debt to be breach of covenant of warranty.**

A mortgage on standing timber sold must secure a valid debt and be a prior valid lien before there could be a breach of a covenant of warranty that the title was good and free from incumbrance.

**4. Mortgages ⬥338—Bill for injunction against foreclosure of mortgage on standing timber held properly dismissed as to holder.**

Where a bill against seller of standing timber and bank claiming to hold mortgage thereon did not aver that the mortgage was paid or unpaid, and made no unconditional offer to redeem or pay the mortgage debt, but sought to restrain foreclosure until the court could determine whether it would permit the rescission of the contract of sale of the timber to the complainant and a cancellation of his notes and mortgages, and if a rescission of the sale was not permitted, then whether complainant was entitled to damages for fraud and breach of warranty as to good title and no liens on the property, and if the complainant failed in these matters, then to ascertain and fix the amount of the mortgage debt if it existed, decide whether it was a valid lien on the timber, and permit complainant to pay it, was not sufficient as against the holder of the mortgage, and was properly dismissed as to that defendant; the holder not being interested in the rescission of the contract of sale nor in the damages for the breach of warranty.

**5. Equity ⬥148(5)—Bill for injunction and other relief held multifarious.**

A bill against seller of standing timber and holder of a mortgage thereon, which did not aver that the mortgage was paid or unpaid, and made no unconditional offer to redeem or pay the mortgage debt, and sought to have the court restrain a foreclosure of the mortgage until it could determine whether it would permit a rescission of the contract of sale of the timber to complainant and a cancellation of his notes and mortgages, and if rescission was not permitted, then whether complainant was entitled to damages for fraud and breach of warranty, and if the complainant failed in these matters, then to ascertain and fix the amount of the mortgage debt, if it existed, decide whether it was a valid lien on the timber, and permit complainant to pay it, was subject to demurrer on the ground of multifariousness, under Code 1907, § 3095.

**6. Logs and logging ⬥3(15)—No relief on account of defect in title in absence of insolvency.**

When standing timber is sold and conveyed with express covenant of warranty as to title, equity is without power to grant relief on account of a defect in title, unless the vendor is insolvent.

**7. Logs and logging ⬥3(15)—Bill by purchaser of standing timber for relief from breach of warranty against incumbrances held demurrable.**

A bill, seeking relief for breach of warranty against incumbrances in a sale of standing timber, was demurrable, where complainant was in possession of the timber under the purchase, a warranty deed had been executed and delivered, notes and mortgages for balance of purchase money signed and delivered, in the absence of allegations that the timber was incumbered when the deed was delivered, that sellers knew of it, but did not make it known, or that, if complainant was mistaken that the mortgage was a prior subsisting unpaid lien on the timber and was paid, it be canceled and removed as cloud on the title, and that complainant was in possession of the timber, under Code 1907, §§ 5443, 5444.

McClellan and Sayre, JJ., dissenting.

Appeal from Circuit Court, Wilcox County; S. F. Hobbs, Judge.

Bill by A. J. Hook against J. J. Horton, S. G. Swain, and the First National Bank of Reform for damages for breach of contract, rescission of deeds and mortgage, and to enjoin the foreclosure of the mortgage. From a decree sustaining certain demurrers to the bill and dissolving the temporary injunction, complainant appeals, and from a decree overruling demurrers, respondents Horton and others take a cross-appeal. Affirmed in part, rendered in part, and remanded.

R. B. Evins, of Greensboro, and Bonner & Miller, of Camden, for appellant.

Under the prayer for general relief, complainant was entitled to cancellation of the mortgage, and, if paid, to injunctive relief. 173 Ala. 123, 55 South. 789. The averments of the bill, coupled with the offer to do equity, clearly gives the bill equity. 89 Ala. 493, 7 South. 810. Complainant's statutory right of redemption was not an adequate legal remedy. 113 Ala. 506, 20 South. 950. The defendants were properly joined. 65 Ala. 479, 39 Am. Rep. 14; 157 Ala. 32, 47 South. 251; 173 Ala. 42, 55 South. 364; 52 Ala. 589; 165 Ala. 144, 51 South. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19; 173 Ala. 190, 55 South. 425; 166 Ala. 494, 52 South. 86; 74 Ala. 507; 5 Ala. 324; 2 Ala. 571; 85 Fed. 55, 29 C. C. A. 14. The court properly ruled as to the demurrers of Horton and Swain. 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; 51 Ala. 158; 167 Ala. 534, 52 South. 737; 2 Ala. 108; 162 Ala. 332, 50 South. 254; 100 Ala. 533, 14 South. 581, 25 L. R. A. 238; 110 Miss. 612, 70 South. 818. A bill may be filed in the alternative to cancel the mortgage, if nothing is due on it, or to redeem, if anything is due. 93 Ala. 321, 9 South. 596; 89 Ala. 493, 7 South. 810; 70 Ala. 460. The bill is a good bill to rescind for fraud. 126 Ala.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

162, 28 South. 711, 85 Am. St. Rep. 17; 192 Ala. 274, 68 South. 897; 202 Ala. 495, 80 South. 876; 32 Ala. 410.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, for appellees.

The bill is multifarious, even under section 3095, Code 1907. 68 Ala. 117; 47 Ala. 273; 62 Ala. 14; 16 Ala. 87; 9 Ala. 842; 42 Ala. 297; 189 Ala. 13, 66 South. 720. Under the allegations, the bill is wholly without equity. 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; 93 Ala. 542, 9 South. 256; 93 Ala. 610, 7 South. 191; 92 Ala. 484, 9 South. 262; 27 Ala. 503; 54 Ala. 486; 68 Ala. 114. In order to rescind, prompt action must be shown, coupled with an offer to put the other parties in statu quo. 90 Ala. 172, 7 South. 640; 93 Ala. 17, 8 South. 378, 11 L. R. A. 196; 93 Ala. 80, 9 South. 426; 69 Ala. 98; 83 Ala. 274, 4 South. 842, 3 Am. St. Rep. 722. The bill shows that the covenants were mutual and dependent, and that complainant himself breached the contract. 18 Ala. 264; 42 Ala. 199; 5 Ala. App. 444, 59 South. 746; 148 Ala. 465, 42 South. 598; 184 Ala. 236, 63 South. 982; 8 Serg. & R. (Pa.) 268, 11 Am. Dec. 610; 1 Pet. 193, 7 L. Ed. 219. The court properly dissolved the temporary injunction and sustained the demurrers of the bank. Section 4959, Code 1907; 92 Ala. 163, 9 South. 143, 13 L. R. A. 299; 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; 95 Ala. 464, 10 South. 638. The amount of damages is the amount of the incumbrance. 79 Ala. 346.

MILLER, J. A. J. Hook files this bill of complaint against J. J. Horton, S. G. Swain, and the First National Bank of Reform.

On the 11th day of May, 1920, complainant purchased certain timber in Wilcox county, Ala., from J. J. Horton and S. G. Swain for the sum of $5,000 cash, and notes and mortgage on said timber for $37,500, and $5,000 note and mortgage on property in the state of Kentucky, making total consideration for the timber $47,500. That Horton and Swain and the wife of each executed to complainant a warranty deed to the timber, and covenanted therein that the title was good and it was free from incumbrance; and they represented and stated at the time he bought the timber that the title thereto was good. The bill alleges that the $5,000 Kentucky mortgage also secured $3,000 note given Horton and Swain. This $3,000 note was given and included in the mortgage for any money advances they might make him under a contract under which they agreed to advance him $10 per thousand feet board measure on all well-manufactured pine lumber out of timber, and stacked on the millyard near Camden, Ala.

This contract or copy of it is attached to the bill. It was executed July 24, 1920.

The complainant avers it was breached by said Swain and Horton, that they failed and refused to make further advances, "basing said refusal on the claim that the complainant had sold a car of the lumber on which said respondents had a lien to secure said advances." Complainant avers that in fact he did sell a car of said lumber, because it was necessary for him to do so in order to obtain the money to pay laborers, for which they had a lien for cutting and hauling timber, but avers that said action on his part was not a breach of the contract, and, if it was, it did not authorize Horton and Swain to rescind the contract; that he was damaged thereby in loss of profits and equipment, and asks the court to fix the amount of his damages, and that he is entitled to have his said $3,000 security given them therefor canceled; that his damages will fully pay the same.

The bill also avers that the First National Bank of Reform claims that said Horton and Swain, on March 23, 1920, made and executed a mortgage on said timber to H. H. Mobley and A. J. Godfrey to secure $20,000, evidenced by five promissory notes for $4,000 each, and that this mortgage was filed for record in the probate office of Wilcox county, Ala., on May 5, 1920; that the respondent First National Bank of Reform claims to own said notes and mortgage by transfer and assignment. This mortgage was being foreclosed by the bank; a temporary injunction was requested and granted, restraining said bank from foreclosing this mortgage. Complainant avers that he does not know whether said mortgage is paid or unpaid; if unpaid what amount is justly due; that it secures a reasonable attorney's fee, and that amount is uncertain; that if the mortgage is unpaid, and a valid charge on the property, said J. J. Horton and S. G. Swain, or one of them, practiced a fraud upon him when they, or one of them, represented and stated to him that the title was good; that he desires to rescind, and does rescind, said contract of purchase of said timber for fraud, and is entitled to have the cash paid them returned to him, and the said notes and mortgage given by him securing the balance of the purchase money surrendered up to him and canceled, and "if the said Swain and Horton have assigned or otherwise disposed of said notes and mortgages, or any of them, that he is entitled to recover from them such amount as will enable him to pay off the same"; and, if "he is not entitled to a cancellation and surrender of said notes and mortgages, and a return of the $5,000 paid by him, that he is entitled to recover the damages to which he may be entitled, which, he avers, is the amount of the consideration paid, viz. $47,500, with interest thereon, * * * for a breach of their said warranty contained in the deed."

The complainant makes no clear and un-

conditional offer to pay the debt of the mortgage held by the said Bank of Reform. In section 6 of the bill on this subject is the following:

"He avers that if he is not entitled to a rescission of said transaction with said Swain and Horton, and a cancellation of the notes and mortgages given to secure the unpaid purchase money, and a restoration to him of the cash paid, and is not entitled to damages for the breach of said warranty, he is entitled to redeem said property from the holder and owner of the mortgage of which Exhibit D is a copy, and in such event he hereby offers to redeem said property from said mortgage, such offer being made, however, only in the event that he is not entitled to a rescission as hereinabove averred or to damages for the said breach of warranty as hereinabove averred."

The court dissolved the temporary injunction on motion of respondent First National Bank of Reform, and sustained the bank's demurrer to the bill. These two decrees of the court are assigned as error by complainant. The court overruled the demurrers of Swain and Horton to the bill and to certain parts of the bill, and this is assigned as error by them.

[1] The complainant could not be, under the averments of the bill, a bona fide purchaser for value of the standing timber without notice of the mortgage held by the bank. The mortgage claimed by the bank, given by J. J. Horton and S. G. Swain to H. H. Mobley and A. J. Godfrey, bears date March 23, 1920—a copy is attached to the bill as an exhibit. It was filed and recorded, as shown by its indorsement, in the probate office of Wilcox county, Ala., on May 5, 1920. The deed to this timber to complainant was executed by Horton and Swain on May 11, 1920. This was five days after the foregoing mortgage was filed and recorded. The filing and recording of the mortgage in the proper office operated as notice of the contents. Section 3373, Code 1907.

[2] There must be allegation and proof to get relief. They must correspond. Both must be sufficient. Both are necessary. Am. F. L. Mtg. Co. v. Sewell, 92 Ala. 163, 9 South. 143, 13 L. R. A. 299. Does this bill allege facts clearly and concisely and unconditionally? We think it does not. The bill neither admits nor denies the debt or validity of the bank mortgage. It neither admits nor denies that the bank owns the mortgage and debt. It neither admits nor denies that the mortgage is a subsisting lien on the timber. It avers that it does not know whether said mortgage is now unpaid or not. It avers that the bank claims the mortgage as owner; that the bank "claims it is a valid charge upon said property."

[3, 4] The mortgage described as claimed by the bank must secure a valid debt, and be a prior valid lien on the property sold and conveyed to the complainant before there could be a breach of the covenant of warranty that the title was good and free from incumbrances. The burden is on the complainant to make these allegations aver these facts, and the bill fails to do so unconditionally. The bill does not aver that the bank mortgage is paid or unpaid. It makes no unconditional offer to redeem or pay the mortgage debt. It seeks to have the court restrain the foreclosure of the bank mortgage, until the court can determine whether it will permit the rescission of the contract of sale of the timber to complainant, and a cancellation of his notes and mortgages; and, if the rescission of the sale is not permitted, then whether complainant is entitled to damages for the fraud and breach of warranty as to good title, and no liens on the property; and, if the complainant fails in these matters, then to ascertain and fix the amount of the bank mortgage debt, if it exists, decide whether it is a valid lien on the timber, and permit complainant to pay it.

The bank is not interested in the rescission of the contract of sale of the timber; it is not interested in the damages for the alleged breach of covenant of warranty between complainant and Horton and Swain. It has no connection with these matters. The result of these litigated matters has no bearing on the validity or invalidity of its mortgage on the timber. If either of these issues is settled favorably to the complainant, then under the allegations and prayer of the bill it appears the complainant would have no desire to fix the amount due the bank, and would not pay it.

The contract between complainant and Horton and Swain for $10 per thousand feet board measure on all well-manufactured pine lumber stacked on the yards to be advanced to complainant has no connection with and no bearing on the contract of sale of the standing timber sold complainant by Horton and Swain. The bank's mortgage is on this standing timber. It is not on the manufactured lumber. The bill avers no connection of the bank's mortgage with the alleged breach of this contract on the property described in it. It is dated July 24, 1920. It is a separate and distinct contract from the sale of timber contract, which was executed May 11, 1920.

[5] This matter between complainant and Horton and Swain, with which the bank has no connection or interest, and the property in its mortgage not being involved, renders the bill multifarious and subject to demurrer also on that ground. Section 3095, Code 1907; Hitt Lumber Co. v. Cullman Prop. Co., 189 Ala. 13, 66 South. 720; Adams v. Jones, 68 Ala. 117.

The complainant avers a breach of said contract of July 24, 1920, and claims damages therefor. In this contract is the following clause:

"This contract or agreement is entered into with the best intentions of all parties concerned, and with the spirit of fairness, and should there be any disagreement, contention, or ill feeling to arise out of the enforcement of the same, it is fully agreed by all parties hereto that each party will name a man, and their two choices will name the third, who will decide the question, and the losing party abide by the result of such decision, and will seek no action at law until the losing party shall have failed to abide by the decision of the majority."

The bill fails to aver that there has been an arbitration of the differences between them, that Horton and Swain were the losers and have failed to abide by the decision as the contract provided. It fails also to aver that Horton and Swain have refused to abide by this agreement in the contract, and therefore there could be no arbitration.

Chief Justice Stone, in Parker v. Parker, 93 Ala. 80, 9 South. 426, speaking for the court, wrote:

"When land is sold and conveyed with express covenants of warranty as to title, equity is without power to grant relief on account of a defect in title, unless the vendor is insolvent."

In Hughes v. Hatchett, 55 Ala. 539, the court said:

"Another principle, if necessary to invoke it, may possibly be fatal to the defense of incumbrance on the title here relied on. Hughes remains undisturbed in the enjoyment of the land purchased, and he fails to aver fraud in the sale, and fails to prove insolvency of his vendors."

[6] This bill of complaint nowhere alleges that Horton and Swain are insolvent. This should be done to invoke the foregoing principles of law in equity. But this rule of law written by Justice Chilton in McLemore v. Mabson, 20 Ala. 137, seems applicable to this case. It is as follows:

"Here the contract has been consummated by the execution of a conveyance with covenants of warranty as to title, which conveyance has been accepted by him, and he has mortgaged the land to the complainants. It is true, if the covenants in his deed are broken by the outstanding incumbrance, he has a right either to sue at law upon his covenants, or to resort to a court of equity if the incumbrance was concealed from him, to have a prompt removal of it by the vendor, or, on default of such removal, he is entitled to a rescission of the contract. It is also settled that notwithstanding the vendee has received a deed, if its covenants be broken by the existence of an outstanding incumbrance, and the vendor is insolvent, then it is competent for the court of equity to restrain the collection of so much of the purchase money as will compensate for the injury resulting from the breach, or it may order it to be appropriated to the extinguishment of the incumbrance, so as to protect the grantee."

[7] The complainant is in possession of the timber under the purchase. The warranty deed has been executed and delivered. The notes and mortgage on the timber for the balance of the purchase money have been signed and delivered to the vendor. The deed contains covenants of warranty that the timber is "free of all liens and incumbrances." Was the timber "free of all liens and incumbrances" when the deed was delivered? If yea, then there is no equity in this bill, except to remove the mortgage of the bank as a cloud on title, which is not mentioned. There has been no breach of this covenant, if there is no prior mortgage unpaid on the timber. If nay, then complainant must clearly aver it is unpaid to show a breach of this covenant. It must be unconditionally averred to show a breach of this covenant. Complainant avers that—

"He does not know whether said mortgage [bank mortgage] is now unpaid or not, and if unpaid what amount is justly due thereon."

This is not sufficient. If it is paid, this warranty is not now breached. If it is unpaid, and its existence was concealed, not made known to complainant when the sale was made and deed executed, then the warranty is breached, and the court could and would require the respondents Horton and Swain to promptly pay it, and remove it from the title of complainant, or permit the complainant, if they failed to do so, to rescind the contract of sale. The complainant should aver the bank mortgage is unpaid; that it is a prior lien on the timber; that it was in existence when the trade was made for the timber; that Horton and Swain knew of it, but did not make it known in the trade to complainant; that they covenanted with complainant that the timber was free from all liens and incumbrances; that they be required to pay said mortgage debt promptly and remove it from the title, and if they fail to do so to permit complainant to rescind the contract of sale. McLemore v. Mabson, 20 Ala. 137; Cullum v. Br. Bk., 4 Ala. 21, 37 Am. Dec. 725; Parker v. Parker, 93 Ala. 80, 9 South. 426; Hughes v. Hatchett, 55 Ala. 539; Magee v. McMillan, 30 Ala. 420; Yarbrough v. Thornton, 147 Ala. 221, 42 South. 402.

The complainant should also aver and pray, if he desires, that, if he is mistaken in alleging that the bank mortgage is a prior subsisting unpaid lien on the timber, and that it is paid, it be canceled and removed as a cloud on title of the timber, and that complainant is in possession of the timber. Sections 5443, 5444, Code 1907.

The court did not err in dissolving the temporary injunction. The court did not err in sustaining the demurrers of the Bank of Reform to the bill of complaint.

The court erred in overruling the demurrers of respondents J. J. Horton and S. G.

Swain to the bill of complaint. They are sustained by this court.

Affirmed in part, rendered in part, and remanded.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

McCLELLAN and SAYRE, JJ., dissent.