YATES, Judge.
On August 14,1987, D. Patrick Haney and John P. Russell jointly purchased 589 acres *5 of land in Coffee County. Three days later, Haney and Russell conveyed by deed all the standing timber that was on the property to Flaek-Haney Timber Company, Inc. The timber deed was duly recorded in the Coffee County probate office. Jerry Parker purchased 335 of the 589 acres in September 1987. Thereafter, between September 1987 and March 1988, Flaek-Haney cut the timber on the 335 acres.
In December 1987, Haney and Russell conveyed the remaining land to C.E.F., Inc., a corporation they had formed. In March 1988, Jerry Parker negotiated with Haney to purchase two additional tracts, consisting of a 10-acre parcel and a 30-acre parcel. Parker paid $10,500 for the 30-aere parcel.
When Parker agreed to purchase the property from C.E.F., he also entered into a contract with Commonwealth Land Title Insurance Company and Charles Ward, individually and d/b/a/ Coffee County Abstract & Title Company, under which Commonwealth agreed to issue a title insurance policy that ensured Parker free and clear title. Pursuant, to that agreement, Commonwealth issued a title insurance policy, which stated that as of 4:10 p.m. on April 5,1988, fee simple title to the land involved was vested in the insureds, Thomas G. Parker and his wife, May Rose Parker.
At the time of purchase, the 10-acre parcel, unlike the 30-acre parcel, had no standing timber. After Parker had purchased the parcels, Flaek-Haney began harvesting timber from the 30-acre parcel, as was its right under the terms of the timber deed. Parker sued the title insurance company and its agent, alleging breach of the title insurance contract. Parker later amended his complaint, substituting C.E.F. for a party fictitiously named in the original complaint and adding claims against C.E.F. alleging breach of the warranties in the deed and fraud. Parker sold the 30-acre parcel for $14,250 in July 1989.
The court entered a summary judgment in favor of Commonwealth and its agent and made the judgment final under Rule 54(b), Ala. R. Civ. P. In Parker v. Ward, 614 So.2d 975 (Ala.1992), the supreme court reversed the judgment and remanded the case. On remand, the title insurance company and its agent entered into a settlement agreement with Parker.
On January 5, 1996, the court entered a summary judgment in favor of C.E.F. on all of Parker’s claims and made the judgment final under Rule 54(b). Parker appeals, asserting that the court erred in entering the summary judgment for C.E.F. because, he says, he presented substantial evidence that C.E.F. had breached the warranties in the deed and that he had relied upon, to his detriment, C.E.F.’s misrepresentation of a material fact. This ease was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the mov-ant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the non-movant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
The deed from C.E.F. to Parker uses the phrase “grant, bargain, sell, and convey.” Accordingly, the deed is one of special warranty. § 35-4 — 271, Ala.Code 1975. A grant- or who “grants, bargains, sells, and conveys” land to another warrants against any encumbrances done or suffered by the grantor. Parker v. Parker, 93 Ala. 80, 9 So. 426 (1891). The warranty does not extend to convey- *6 anees of rights in the land made by a previous owner in the chain of title. Id.
Haney and Russell purchased the original 589 acres, which included the 30-acre parcel, and conveyed all standing timber to Flaek-Haney by a properly recorded timber deed. Haney and Russell conveyed the 30-aere parcel to C.E.F., which later conveyed the parcel to Parker. Nothing in the record indicates that C.E.F. had suffered any encumbrances upon the realty before conveying it to Parker. The warranty provided by C.E.F. did not extend to the timber rights that Russell and Haney had conveyed to .Flack-Haney before conveying the realty to C.E.F. There was no genuine dispute as to a material fact in Parker’s claim for breach of the warranties in the deed, and C.E.F. was entitled to judgment as a matter of law.
Reliance upon a misrepresentation of a material fact is an element of a claim for fraud. Bedwell Lumber Co. v. T & T Corp., 386 So.2d 413 (Ala.1980). When a party to whom a misrepresentation has been made is informed of the truth, before acting on the misrepresentation, that party has no right to act on the misrepresentation and may not recover for fraud. Id. The recording of any instrument relating to an interest in real estate or personal property, which necessarily includes a timber deed, constitutes notice to the world of the instrument’s contents. § 35-4-51, -92, and -363, Ala.Code 1975.
Haney and Russell recorded the timber deed four months before they conveyed the land to C.E.F. and seven months before C.E.F. conveyed the land to Parker. The recording constituted notice to any potential purchaser of the 30-acre parcel that the timber rights could not be conveyed with the land. Therefore, before Parker purchased the 30-acre parcel, he had notice that the timber rights had been severed from the fee simple estate. Accordingly, he could not have relied upon any alleged misrepresentation made by C.E.F. in that regard. There was no genuine dispute as to the element of reliance in the fraud claim, and C.E.F. was entitled to a judgment as a matter of law.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN J., concur.
MONROE, J., dissents.
CRAWLEY, J., recuses.